JOSEPH BUSHNELL, Respondent, *v.* THE CHAUTAUQUA COUNTY NATIONAL BANK, Appellant.

The fact that a deposit with a bank is not made for the sole benefit of the depositor, but may in a certain contingency become payable in whole or in part to a third person, for whose security it was made, does not deprive it of its character of a deposit.

A bank authorized to receive deposits, may receive such a deposit; so long as it undertakes nothing more than to pay over money deposited with it, to the person who, according to the conditions upon which the deposit was made, may become entitled to it, it does not transcend its powers.

It is immaterial that the portion of the sum deposited which may become payable to the third person is at the time of the deposit uncertain and subject to litigation; the bank is simply entitled before payment to have the amount liquidated in such a manner as to bind all parties.

Upon a contract for the sale of a quantity of oil by plaintiff to one S. defendant, a national bank, made an indorsement to the effect that S. had deposited with it $2,500 "to be held by us as collateral security for the faithful performance of the within contract." The complaint, in an action to recover the amount deposited, set forth the contract and the indorsement, and alleged that the money was deposited by S., that defendant agreed to hold it as security for the performance by S. of the contract, and caused the certificate to be made and signed by its cashier on its behalf, and to be delivered to plaintiff, and then alleged a breach of the contract. Defendant demurred; the demurrer was overruled. *Held,* that no question could be raised on appeal as to the authority of the cashier to receive the deposit; that the contract was one defendant had power to make; that it was not requisite to have the damages ascertained and determined in an action against S. before defendant was bound to pay them; that it would have been proper to have made S. a party to this action, demanding judgment against him for the damages, and against the bank, that it apply the fund to the payment thereof, and defendant might have required this; but that a failure to take the objection was a waiver of it.

Also, *held,* that as the action was in the nature of a proceeding *in rem* to reach the fund, defendant should be protected against costs not unnecessarily and unreasonably occasioned by it; and that whatever of such costs are awarded should be payable out of the fund.

(Argued May 22, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order reversing a judgment sustaining a demurrer

to the complaint herein; and overruling the demurrer, and directing a judgment for plaintiff thereon. (Reported below, 10 Hun, 378.)

The action was brought to recover the sum of $2,500, which the complaint alleged was deposited by one Shaw with the defendant, a national bank, and which the defendant agreed to hold as security to the plaintiff for the faithful performance by Shaw of a certain contract made by him with the plaintiff to buy and pay for 10,000 barrels of crude petroleum oil. The complaint further alleged that Shaw refused to accept and pay for the oil, and that the plaintiff sustained damage thereby to the amount of $2,500, being the excess of the contract price over the market price of the oil. The contract with Shaw was set forth in the complaint.

The agreement of the bank was indorsed thereon as follows :

"JAMESTOWN, *September* 26, 1874.

"T. A. Shaw has this day deposited in the Chautauqua County National Bank of Jamestown, N. Y., twenty-five hundred dollars ($2,500), which is to be held by us as security for the faithful fulfillment of the within contract.

" (Signed) D. N. MARVIN, *Cashier.*"

The complaint further alleged that the bank, on the making of said deposit, caused the indorsement aforesaid to be made and signed on its behalf by said Marvin, its cashier, upon the contract accepted by Shaw, and to be delivered therewith to the plaintiff.

*R. P. Marvin*, for appellant. The transaction between Shaw and the bank was not a deposit. Defendant was simply a bailee. (*In re Franklin Bk.*, 1 Paige, 249–254; *Chapman* v. *White*, 2 Seld., 412–417; Story on Bailments, § 88.) Defendant had no powers other than those conferred by the national banking act and such incidental powers as are necessary to the exercise of the powers conferred. (*First Nat. Bk.* v. *Ocean Nat. Bk.*, 60 N. Y., 286–288; *N. Y. F. Ins. Co.* v. *Ely*, 2 Cow., 710; 15 J. R., 390; *Bk. of Genesee*

v. *Patchin Bk.*, 3 Kern., 321; *Head* v. *Prov. Ins. Co.*, 2 Cranch, 127; 6 Wheat., 593; 12 id., 64; 13 Pet., 587; *Talmadge* v. *Pell*, 3 Seld., 339, 346; 2 Kent's Com., 298; A. & A. on Corp., § 118; *In re How*, 1 Paige, 214.) Estoppel could not be applied to this case — the contract being illegal. (*Jewell* v. *Miller*, 6 Seld., 406; 31 Barb., 169; *Crawford* v. *Lockwood*, 9 How., 550; *Shepley* v. *Abbott*, 42 N. Y., 447; *Bank* v. *Un. Mut. Ins. Co.*, 43 id., 289; *Bissell* v. *M. S. and N. I. R. R. Co.*, 22 id., 275; *Whitney Arms Co.* v. *Barlow*, 63 id., 62; *Brice's.* Ultra Vires Notes by Green, 372; *E. A. R. Co.* v. *E. C. R. Co.*, 7 Eng. L. & Eq., 505; *McGregor* v. *Officers of*, etc., 16 id., 182; *G. N. R. Co.* v. *E. R. Co.*, 12 id., 224; *E. Co. R. Co.* v. *Hawks*, 35 id., 8; *Safford* v. *Wyckoff*, 1 Hill, 11, 14, 16, 17; 4 id., 442.) Defendant's cashier could not make the contract in question. (*U. S.* v. *City Bk. of Columbus*, 21 How. [U. S.], 356; Story's Agency, §§ 114, 115; *Hoyt* v. *Thompson*, 1 Seld., 320–332; *Wiley* v. *First Nat. Bk.* 60 N. Y., 287, 291.)

*E. C. Sprague*, for respondent. Defendant is estopped from setting up its want of corporate capacity as a defense to plaintiff's claim. (*Whitney Arms Co.* v. *Barlow*, 62 N. Y., 62; *Chaut. Co. Bk.* v. *Risley*, 19 id., 369; Green's Ed. of Brice's Ultra Vires, 40, 41, 42, notes; *Taylor* v. *C. and M. R. Co.*, L. R., 2 Exch., 356, 384; *Riche* v. *Ashbury R. Co.*, 9 id., 224.) Shaw being insolvent and a non-resident it was not necessary to make him a party to this action. (De Colyer on Sureties, 230; *Brown* v. *Birdsall*, 29 Barb., 549; *Gen. Mut. Ins. Co.* v. *Benson*, 5 Duer, 168.) A right of action arises against a surety immediately upon the default of the principal. (De Colyer on Guaranty, 217, 230, note; *B. R. Bk.* v. *Paige*, 44 N. Y., 453; *Hayes* v. *Ward*, 4 J. Ch., 123; *Herrick* v. *Borst*, 4 Hill, 650.) It was not necessary to allege an implied promise; the facts out of which it arises were sufficient. (*Lieman* v. *Lincoln*, 2 Duer, 670; *Hall* v. *Southmayd*, 15 Barb., 35; *Cropsy* v. *Sweeney*, 27

id., 310; *Glenny* v. *Hitchins*, 4 How. Pr., 98; *Evo* v. *Woodworth*, 4 N. Y., 249.)

Rapallo, J.    No question can be raised on this appeal as to the authority of the cashier of the defendant to receive the deposit on the terms expressed in the receipt.    It is alleged in the complaint that the money was deposited by Shaw with the defendant, and that the defendant agreed to hold it as security to the plaintiff for the faithful performance by Shaw of his contract with the plaintiff and caused the certificate to be made and signed on its behalf by the cashier and to be delivered to the plaintiff.    These allegations are admitted by the demurrer.

It is contended however on the part of the defendant that the transaction was one which the defendant had no corporate power to enter into.    That it was an undertaking to hold the money as security for the performance by Shaw of his contract, and to pay damages uncertain in amount to a third party upon the breach of such contract; that such a contract was *ultra vires.*

If the undertaking on the part of the bank had been to become surety for the performance of the contract by Shaw it would doubtless be subject to this objection.    But such was not the character of the undertaking.    The bank simply became depositary of a fund, which fund was to stand as security.    The bank could in no event become liable for more than the amount of the deposit.    The circumstance that the deposit was not made for the sole benefit of the depositor, and that in a certain contingency the fund or some portion of it might become payable to a third person for whose security the deposit was made, did not deprive it of its character of a deposit.

We are not aware of any such limitation upon the power of banks authorized to receive deposits, as would deprive them of the power to receive the deposit of a fund in controversy, to abide the event of a litigation or award, or to become payable upon a contingency to some person other

than the depositor. So long as the bank undertakes nothing more than to pay over money deposited with it, to the person who may according to the conditions upon which the deposit was made, become entitled to receive it, we think it does not transcend its powers. Nor can it make any difference that the portion of the sum deposited which may become payable to a third person is at the time of the deposit uncertain and subject to liquidation. Until ascertained, the bank is entitled to hold the fund, and it is also entitled before payment to have the amount liquidated in such manner as to bind all parties. If this liquidation is not made by agreement between the parties entitled to the fund it must necessarily be made by a competent tribunal whose judgment will be binding. In the present case it is further contended that, assuming the undertaking of the bank to have been valid in law, it was only bound to pay the plaintiff's damages after they had been ascertained in an action by him against Shaw. The only purpose of requiring such a preliminary action would be to estop Shaw from denying the breach of his agreement and the amount to which the plaintiff was entitled out of the fund on deposit. It would have been quite proper to have made Shaw a party to this action and demanded judgment against him for the damages claimed, and against the bank that it apply the fund to the payment of such judgment. By taking the objection in the proper manner the bank might have required that Shaw be thus made a party, but the failure to take the objection was a waiver of it. The bank could obtain the same protection by giving Shaw notice of the action and calling upon him to defend it. Being a mere depositary, the bank should be protected against costs not unnecessarily and unreasonably occasioned by it. So far as it is concerned the action is in the nature of a proceeding *in rem* to reach the fund in the hands of the bank and is not based upon any default or breach of contract on its part. Whatever costs are awarded should be payable out of the fund. The judgment should be modified in that respect and affirmed with

costs out of the fund, and the recovery correspondingly reduced. But if the bank desires further to litigate upon the facts it may withdraw its demurrer and put in an answer on payment of the costs of the demurrer and of the appeal to the General Term and to this court, within twenty days.

All concur, except MILLER and EARL, JJ., absent.

Judgment accordingly.