### JOSEPH F. MEYER v. STADTLER BROTHERS.

#### Decided April 4, 1900.

**Party Wall—Contract—Privity.**

Plaintiffs who, under contract with defendant, erected for him a building which included a party wall on the boundary between him and an adjoining proprietor, could recover of defendant the entire contract price, though contemporaneously they built for such adjoining proprietor and received, under their contract with him, pay for one-half of such wall.

ERROR from Harris, Fifty-fifth District. Tried below before Hon. WM. H. WILSON.

*Baker, Botts, Baker & Lovett,* for plaintiff in error, cited: Leavitt v. Morrow, 6 Ohio St., 71; Harvey v. Tama County, 53 Iowa, 232; Gray v. Herman, 75 Wis., 456; Crumlish's Admr. v. Central Improvement Co., 38 W. Va., 390; Snyder v. Pharo, 25 Fed. Rep., 401; Webster v. Wyser, 1 Stewart, 184; Terry v. O'Neal, 71 Texas, 596.

*J. M. Coleman,* for defendants in error.

FISHER, CHIEF JUSTICE.—This suit was instituted on the 23d day of November, 1897, by C. H. Stadtler and J. Stadtler, composing the firm of C. H. & J. Stadtler, against Jos. F. Meyer, to recover an alleged balance of $1000 on a contract, under the terms of which the plaintiffs agreed to erect for the defendant a certain brick building according to the plans and specifications agreed upon, the contract price being $11,000. Plaintiffs alleged that they had completed their contract according to the plans and specifications agreed upon; that the defendant had paid them $10,000 of the contract price, but had refused and failed to pay the balance of the contract price, or $1000.

The defendant, after demurrers, which are not material on this appeal, and general denial, specially answered that on or about March 13, 1897, the plaintiffs, as parties of the first part, entered into a certain contract with the defendant as party of the second part, under the terms of which the plaintiffs agreed and undertook to erect for the defendant a certain three-story brick building, on the south side of Buffalo Bayou, in the city of Houston, fronting fifty feet on Preston Avenue, in accordance with certain plans and specifications prepared by one Heiner, an architect, in consideration for which the defendant agreed to pay plaintiffs the sum of $11,000, upon the terms and under the conditions named in said contract; that, under the terms of said contract and plans and specifications which were a part thereof, the plaintiffs agreed to build for the defendant a party wall of brick, to be seventeen inches in thickness, to be one-half upon the property of defendant and one-half upon the property of one Sternenberg, which said party wall in its entirety was embraced within the aforesaid contract for the erection of the building, for which defendant agreed to pay plaintiffs the sum of $11,000; that shortly thereafter said Sternenberg entered into a contract in writing with the plaintiffs, under the terms and conditions of which the plaintiffs agreed and contracted to erect for the said Sternenberg a certain brick building adjoining the building to be erected by the plaintiffs for the defendant, for which said Sternenberg agreed to pay plaintiffs the sum of $20,283, said sum to include the cost of one-half the party wall above referred to, which wall was designed to rest one-half on the property of Sternenberg, and one-half on the property of defendant; that under the terms of the

contract entered into between plaintiffs and Sternenberg, the cost of said party wall was fixed at $1434, one-half of which, or $717, was included in the contract price to be paid by Sternenberg to the plaintiffs; that said Sternenberg had paid plaintiffs for that half of the party wall resting upon said Sternenberg's land, and the plaintiffs having already been paid by Sternenberg for one-half of all the party wall erected by them, were not entitled to demand of the defendant Meyer that they be again paid for the half of said party wall resting upon Sternenberg's land, but the defendant Meyer would, in any event, be entitled to have the $717 paid by Sternenberg for his (Sternenberg's) half of the party wall credited upon the defendant's contract.

Defendant further answered that after he had entered into the contract with the plaintiffs of March 13, 1897, above referred to, and after the plaintiffs had entered into the contract with Sternenberg above referred to, under a verbal agreement entered into between the defendant Meyer and said Sternenberg, and acquiesced in, ratified, confirmed, and agreed to by the plaintiffs, the said Sternenberg paid the plaintiffs the sum of $717, said sum being one-half the contract price of the party wall erected between the property of said Sternenberg and defendant, it being distinctly understood and agreed that the plaintiffs should give the defendant Meyer credit for said sum of $717 under his contract with them.

The case was tried on the 14th of January, 1899, before the court without a jury, and judgment rendered in favor of plaintiffs against the defendant for the full amount sued for, $1000, together with interest thereon at the rate of 6 per cent per annum from the 27th of October, 1897, and all costs of court; to which judgment the defendant excepted and gave notice of appeal.

The following are the conclusions of fact and law of the trial court, which are adopted and approved by this court:

"1.  I find that on the 15th day of March, 1897, the plaintiffs in this cause entered into an agreement in writing with the defendant for the construction of a certain building in the city of Houston, substantially as alleged in plaintiffs' petition.

"2.  On the 9th day of April, 1897, the plaintiffs entered into a contract in writing with one J. A. Sternenberg for the erection of a building in the city of Houston.

"3.  I find that the building to be erected for the defendant Meyer and the one to be erected for J. A. Sternenberg, adjoin each other and are each built upon and into a party wall dividing the two buildings.

"4.  I find that the plans and specifications for each building show this party wall.

"5.  I find that under the contract with the defendant Meyer, he contracted to pay the plaintiffs for his building, including the entire party wall.

"6.  I find that, under the contract between the plaintiffs and J. A.

Sternenberg, Sternenberg agreed and obligated himself to pay for one-half of the party wall, and he has paid for all due, according to the terms of his contract.

"7.  I find that there was no agreement between the plaintiffs and the defendant in this cause to allow the amount which they were to receive from Sternenberg for one-half of the party wall as a credit upon the contract price of the Meyer building.

"8.  I find that the plaintiffs have constructed the defendant's building, as alleged in the plaintiffs' petition, and that the defendant has paid them the contract price therefor, except the sum of $1000, which is still due the plaintiffs, with interest thereon from the date of its becoming due.

"Conclusions of Law.—1.  As a conclusion of law, I find that the defendant Meyer is obligated to pay the plaintiffs the entire contract price for his building, including the entire party wall.

"2.  I further find, as a conclusion of law, that the defendant Meyer can not take the benefit of any payments made by Sternenberg, the owner of the adjoining building, on account of the party wall, there being no privity between the parties.

"3.  I further conclude, as matter of law, that, as the plaintiffs had a contract with the defendant whereby he obligated himself to pay for the entire party wall, and had a separate and distinct contract with Sternenberg whereby he was to pay for one-half the wall, they are entitled to recover from both parties according to their written contracts.

"4.  I therefore conclude that the plaintiffs are entitled to a judgment against the defendant for one thousand dollars, interest and costs of court."

It is contended, in the sixth assignment of error, that the evidence does not support the following finding of fact of the trial court: "I find that there was no agreement between the plaintiffs and defendant in this cause to allow the amount which they were to receive from Sternenberg for one-half of the party wall, as a credit upon the contract price of the Meyer building."

If the plaintiffs are to be believed, there is abundant evidence in the record to support this conclusion, although denied by defendant Meyer. The Stadtlers testified in effect that there was no agreement to allow the credit claimed by the plaintiff in error.  If the court had found that the payment was received from Sternenberg by the defendants in error as a payment in satisfaction upon the demand due them from plaintiff in error Meyer, although Sternenberg was a stranger to the contract between plaintiffs and defendant, we would be inclined to agree with the contention of plaintiff in error in accord with the authorities cited in their briefs; but there being no such agreement or understanding, the payment by Sternenberg, a stranger to the contract between plaintiff in error and defendants in error, would not operate as an

extinguishment or satisfaction of the demand due from Meyer to Stadtler Bros. Atlantic Dock Co. v. Mayor of New York City, 53 N. Y., 66; 16 Enc. of Plead. and Prac., 196; 57 Kan., 750.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Application· for writ of error dismissed.