## VANONI v. ALTER.

(Supreme Court, Appellate Term.   December 20, 1907.)

VENDOR AND PURCHASER—DEPOSIT OF PRICE—RECOVERY—EVIDENCE.

A purchaser, who deposited with a third person a part of the price pursuant to an agreement with the vendor stipulating that the deposit should be returned on his being unable to obtain possession of the property in possession of a lessee, etc., cannot recover the deposit without proving his inability to obtain possession.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Leon Vanoni against Mark Alter. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Jones Cochrane, for appellant.
Leonard A. Snitkin, for respondent.

FORD, J. Defendant (appellant) is the depositary of a sum of money for the alleged conversion of which the plaintiff (respondent) as depositor brought this action. Plaintiff agreed to purchase the contents and good will of a furnished room house, which at the time seems to have been occupied by the lessor of the vendors. They seem to have been subtenants and owners of the furnishings. As consideration for the transfer of the property to her, plaintiff paid $500 down and agreed to place $600 additional to be paid to the vendors on certain conditions. The deposit was held, also, subject, among others, to the conditions set out in this paragraph of the agreement made between plaintiff and her vendors:

"It is further understood and agreed that, should the lessee now in possession of the premises and to whom the parties of the first part now pay the rent, refuse to accept the party of the second part [the plaintiff] as the tenant in the place and stead of the parties of the first part [the vendors], then the sum of $500 to be returned to said party of the second part, and the sale of said property canceled."

Plaintiff actually deposited only $400 with the defendant, and has recovered a judgment for that sum as damages, besides $32 costs and allowances. The appeal is from that judgment.

Defendant sets up in his answer that under the terms of the contract "the plaintiff is now entitled to the money." Nonjoinder of parties defendant is also properly pleaded by him, namely, the vendors of plaintiff who are the other parties to the contract of sale. Plaintiff's claim is that she was unable to get possession of the house; but what efforts she made to that end are unsatisfactorily proved. The testimony more than suggests that the vendors, instead of plaintiff, may be entitled to the money. Defendant has the right to have the question of the ownership of the fund on deposit determined in such manner as to bind all parties and relieve him from future liability to third parties who may have an interest in the deposit. The case

of Bushnell v. Chautauqua County National Bank, 74 N. Y. 290, is controlling.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McCALL, J., concurs in result.

GILDERSLEEVE, P. J. I concur in the result. It is not clear from the testimony in the case that the plaintiff was refused possession of the premises in question through the fault of the vendors of the lease. The right of the plaintiff to recover in an action for conversion under the circumstances seems doubtful. At any rate there was a failure of proof.