# KENNEDY v. STATE BANK OF BOWBELLS.

### (132 N. W. 657.)

**Principal and agent — disobedience of orders — wrongful surrender of draft by bank.**

1. In an action to recover as for money had and received by defendant to plaintiff's use, the proof disclosed that plaintiff, a resident of Wisconsin, sent to defendant bank at Bowbells, this state, a draft for $1,700, payable to the order of one K., accompanied by specific written instructions to deliver same to such payee only on receipt by it of a warranty deed conveying to plaintiff, free and clear of encumbrance, a fee-simple title to certain real property, together with an abstract showing such title in plaintiff; such abstract and title to be approved by plaintiff in the event of any doubt arising regarding the title as disclosed by such abstract. Thereafter defendant forwarded to plain-

tiff a warranty deed of such property, together with an abstract of title there-
to, which plaintiff refused to accept or approve, for the reason that such ab-
stract disclosed that title to such property had not passed from the government
to the grantor in such deed; and such disapproval was communicated, by letter, ·
to defendant. Subsequently, certain correspondence was had between the
parties relative to the transaction, but the original instructions were in no
manner changed or modified. Notwithstanding this, defendant thereafter pro-
cured the payee of such draft to indorse same, and it passed such draft to
its credit in a Minneapolis bank. It was stipulated, in effect, that the grantor,
in such deed, never acquired title under her homestead entry and final re-
ceiver's receipt, and that she relinquished to the government all claims thereto.

At the close of the testimony, a verdict was directed in plaintiff's favor.
*Held* not error.

**Assignment of error not argued in brief.**

2. An assignment of error, not argued in the brief, will be deemed abandoned.

**Motion for directed verdict — time for.**

3. An assignment of error cannot be predicated on a ruling denying a mo-
tion for a directed verdict made at the close of the plaintiff's case, which such
motion is not renewed at the close of all the testimony.

**Record on appeal — failure to disclose motion for new trial.**

4. Where the record fails to disclose that a motion for a new trial was made
and denied, error cannot be predicated on such alleged ruling.

Opinion filed September 8, 1911.

Appeal from District Court, Ward county; *E. B. Goss,* J.

Action by W. T. Kennedy against the State Bank of Bowbells. From
a judgment for plaintiff based on a verdict directed by the court, de-
fendant appeals.

Affirmed.

*Palda, Aaker, Greene, & Kelso,* for appellant.

*D. C. Greenleaf* and *W. F. Doherty,* for respondent.

FISK, J. Action to recover as for money had and received to plain-
tiff's use. Plaintiff was successful in the court below, and the notice
of appeal recites that it is both from the judgment and from an order
denying defendant's motion for a new trial, but no such motion or order
is disclosed in the record.

The facts are not seriously disputed. The following is appellant's
version of such facts, slightly modified by us to conform to what we
deem the true situation: On January 28, 1906, plaintiff sent to the de-

fendant from Amery, Wisconsin, a draft, on the Northwestern National Bank of Minneapolis for $1,700, indorsed by the plaintiff, payable to the order of one D. W. Kelly. Such draft was sent with instructions that the same was to be held in escrow, subject to the following conditions: The draft to be delivered to Kelly when the latter should deposit with the defendant a warranty deed conveying the S. E. ½ of section 24, in township 163 N., of range 95 W., in Williams county, North Dakota, and also furnish an abstract of title showing the record of such deed and perfect title in fee simple in the plaintiff; the draft to be held subject to the approval of the abstract by the plaintiff. Defendant received such letter and draft and held the same until the 28th day of February, when it passed the draft for deposit to its credit in the National Bank of Commerce in Minneapolis, and on March 1, 1906, it sent the warranty deed, Exhibit 6, and the abstract of title, Exhibit 5, to plaintiff at Amery, Wisconsin. The money was not paid to Kelly on the draft until March 19, 1906. On March 3d the plaintiff wrote and forwarded to the defendant Exhibit 4, in which he objected to the title and the abstract on account of its failure to show patent from the United States and on account of some personal-property taxes. On March 7, 1906, defendant wrote plaintiff the letter, Exhibit 7, in which attention was called to the fact that the personal-property tax had, at the time of writing the letter, been paid, and made some explanation as to the patent. In answer, plaintiff wrote the letter, Exhibit 8, wherein he expressed his willingness to rely upon the defendant to forward the patent as soon as it should be received from the government. Replying thereto, defendant wrote Exhibit 9, in which it disclaimed any intention to guarantee the title or the issuance of patent, and notified plaintiff that, unless he decided to accept the deed and title, the grantors in the deed desired the land reconveyed. This last letter was dated and forwarded on March 12, 1906. Defendant's assistant cashier, D. E. McLellan, testifies, that no subsequent communication was received, to his knowledge, from plaintiff concerning the transaction, and on the 19th of March, 1906, the proceeds of the draft were credited to Tessie C. Black on defendant's books. Plaintiff claims to have forwarded under date of March 17, 1906, a letter of which Exhibit 10 is a carbon copy, in which plaintiff expressed his willingness to wait a reasonable time for the patent, but closed his letter with the following language:

"You will, however, hold the money until the patent is forthcoming." The assistant cashier, McLellan, claims that such letter was never received to his knowledge, and after waiting from March 12th, the date of the bank's last letter to the plaintiff, the defendant bank paid the money as above mentioned. The matter stood in this situation until November, 1906, when plaintiff called upon defendant bank, and was informed that the draft had been cashed and paid in money to Kelly long prior thereto, and plaintiff demanded back the $1,700 from the defendant, and offered to the defendant the deed. The demand was refused, and thereupon the plaintiff brought this action to recover from the defendant the $1,700, alleging that the same was received by the defendant to the use of the plaintiff, and was the property of plaintiff. The parties, through their respective counsel, entered into a stipulation which was offered and received in evidence, wherein it was in substance stipulated as a fact that Tessie C. Black, the grantor in the deed, Exhibit 6, made H. E. No. 28,177 for said land in May, 1904, and submitted final proof for such entry in October, 1905; that in March, 1906, the Commissioner of the General Land Office rejected such proof, giving to such entryman the right to submit new proof; and that, although she received due notice of such action, she failed to comply therewith, and in September, 1906, her final proof and final receiver's receipt were canceled by such Commissioner, and in October of said year she relinquished to the government all claims to such tract, and thereafter one McGee made H. E. entry thereon.

Appellant assigns errors as follows: (1) The court erred in overruling the defendant's objection to the introduction of Exhibit 10. (2) The count erred in overruling the defendant's motion, made at the close of plaintiff's case, to direct a verdict in favor of the defendant upon the grounds, stated in said motion. (3) The court erred in granting the plaintiff's motion and instructing the jury to find a verdict for the plaintiff at the close of the evidence. (4) The court erred in overruling the defendant's motion for a new trial upon the grounds set forth in said motion.

The first assignment, even if meritorious, is not available to appellant, as the same is not argued in the brief and must be deemed abandoned.

The second assignment is of no avail, as it is well settled that error

cannot be assigned on a ruling denying defendant's motion for a directed verdict made at the close of the plaintiff's case, where such motion is not renewed at the close of all the testimony. Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333.

The fourth assignment has not foundation in the record. The record is wholly silent as to any motion for a new trial having been made or denied, and any reference in the printed abstract to such a motion or ruling having been made is unwarranted, according to the original record.certified to this court.

The sole question therefore for consideration is the correctness of the ruling of the court below in directing a verdict for the plaintiff. As proof stood at the close of the trial, was it error, as a matter of law, to direct such verdict?

Appellant's contention, in brief, is that defendant was merely a gratuitous depositary of such draft, and hence bound only to use such care as a person would exercise in his own ordinary business affairs, and that the only ground on which the plaintiff could rightfully recover was by way of damages for any detriment suffered by him by reason of a lack of due care on the bank's part, and that plaintiff failed to prove either a lack of such care by defendant, or that plaintiff had suffered any detriment. We quote from appellant's brief: "If we take the entire record in this case and search it diligently, we shall be unable to find any evidence sufficient to establish the fact that the deed and the abstract, which were actually furnished to the plaintiff, did not meet with all the requirements of the plaintiff's letter, Exhibit 1. It is quite apparent that there was some dissatisfaction on the part of the plaintiff with regard to the title of the land in question; but there is not a syllable of evidence to show that the title conveyed by deed did not result in the transfer of absolutely perfect title to the plaintiff. If an inference could be indulged that the title which the plaintiff assumed thereby had failed in some particular, there is still a total lack of evidence of any kind to show that the plaintiff does not now own and hold good and sufficient legal title to the land in question. If such be the case, then the plaintiff has sustained no damage through any act of the defendant. In order to recover, the plaintiff must show by clear and unequivocal evidence that he has sustained a loss. No such evidence is found in this record. The plaintiff himself testifies to the fact that he

has made no effort to recover any damages or any money from the grantor in the deed, or from Mr. Kelly, to whom the money in question was paid by the defendant. There was offered and received in evidence a stipulation of certain facts, which is marked Exhibit 3 and found on pages 40–42 of the abstract; but we submit there is nothing in such stipulation of facts, either separately or considered in connection with the other evidence in the case, that shows that the plaintiff has not received, and does not now own and hold, a legal title to the land in question. He may not have received it through the original conveyance of Tessie C. Black, the grantor in the deed, Exhibit 6; but there is nothing to show that he did not ultimately receive it and does not now hold it. The jury could not find a verdict upon mere suspicion or inferences, and much less would the trial court be justified in directing a verdict under such conditions." With due deference to the argument of appellant's counsel, we are unable to uphold their contention. To our minds, it is not a case of mere negligence on defendant's part in turning over the draft or its proceeds; but it is a clear case, under the facts, of a wilful violation by the agent of his principal's instructions. Such instructions were in writing, and were clear and unambiguous. Defendant was instructed to hold the draft until such time as it received for plaintiff a deed conveying a fee-simple title to certain real property, together with an abstract showing such title in plaintiff, free from encumbrance. It saw fit to assume the performance of the duties of such agency. These instructions were in no way modified or changed, and defendant's wilful violation thereof, whether it was a gratuitous depositary or one for hire, constituted a conversion of such draft to its own use, and it became liable to plaintiff at his election either in conversion, or as for money had and received to plaintiff's use. Appellant's contention, therefore, that there is no proof of negligence on defendant's part, is beside the question. Nor is there any merit in its contention that the proof wholly fails to show that plaintiff was damaged. Aside from the positive proof in the case, it will be presumed that the draft was worth its face value, and that by its conversion plaintiff's detriment caused thereby was the value of such draft. But, aside from such presumption, the proof is clear to the effect that the warranty deed from Tessie C. Black conveyed no title, as she had none to convey. The title had not passed from the government, and it is stipulated that

Tessie Black's final proof was rejected by the Commissioner of the General Land Office, and her homestead entry on such land canceled. Also, that she subsequently relinquished all her claims in such land to the government, and thereafter one McGee was permitted to file a homestead entry thereon. It seems to us that there is abundant proof of plaintiff's damage as a result of defendant's unauthorized acts, and that defendant's contention to the contrary has no support in the record. This conclusion renders further discussion unnecessary.

The judgment is accordingly affirmed.

MORGAN, Ch. J., and Goss, J., took no part in the above decision; Honorable FRANK E. FISK, Judge of the Eleventh Judicial District, sitting in place of the latter by request.