AMANDA WEGNER, Executrix of the Estate of Ernest Wegner, Deceased, Respondent, v. FIRST NATIONAL BANK OF CASSELTON, NORTH DAKOTA, Appellant.

(173 N. W. 814.)

**Banks and banking — cashier's check — escrow.**

1. Where a cashier's bank check, in payment of a deed to land, is sent to a bank, with instructions to withhold the delivery of the same from the payee until releases of outstanding liens upon the land are secured or shown, and the bank, in violation of such instructions, delivers the check to the payee, an action may be maintained against such bank, either in conversion, or for money had and received, for the actual loss sustained thereby.

**National banks — powers.**

2. A national bank, in receiving such check and accepting the terms of such instructions, is acting within its powers conferred, and performing a function incident to the business of banking.

**National banks — guaranty — intra vires duty — obligation — liability.**

3. Where, in such transaction, a national bank entered into a contract of guaranty by its acceptance of the check and the instructions, in addition to its duty and obligation *intra vires*, and where the complaint sufficiently alleges and establishes a cause of action against such bank for a breach of its duty or obligation *intra vires* in violating the express terms of such instructions, it

cannot avoid a liability for such breach of its duty or obligation on *intra vires*, by asserting and relying upon the *ultra vires* guaranty.

Opinion filed June 17, 1919.

Action to recover for wrongful delivery of a cashier's bank check sent to the defendant bank with a letter of instructions.

From an order of District Court, Cass County, *Cole,* J., overruling a demurrer, defendant appeals.

Affirmed.

*Lawrence & Murphy,* for appellant.

An obligation on the part of a bank relating to the guaranty of performance of a contract with a third party in which the bank has no interest is *ultra vires,* and not binding upon the bank except for benefits actually received. International Harvester Co. v. Upham (N. D.) 166 N. W. 507; Cottondale Bank v. Oskham Nolte Co. 59 So. 566; Third Nat. Bank v. Savings Bank, 244 Mo. 554, 149 S. W. 495; Ayr v. Hughes, 87 S. C. 382, 69 S. E. 657; Norton v. Bank, 61 N. H. 589, 60 Am. Rep. 334; Grow v. Cocknel, 63 Ark. 418, 36 L.R.A. 89; Norton v. Bank, 60 Am. Rep. 334; Bank v. Bank, 97 Tex. 536, 80 S. W. 601; Taylor v. Bank, 174 N. Y. 181, 62 L.R.A. 783, 66 N. E. 726.

An attempt by a state to define the duties of a national bank or to control the conduct of their affairs is absolutely void whenever such attempted exercise of state authority conflicts with the laws of the United States relating to the purposes or efficiency of these agencies of the Federal government. Davis v. Elmira Sav. Bank, 161 U. S. 275, 40 L. ed. 700; Easton v. Iowa, 188 U. S. 220, 47 L. ed. 452. To the same effect see Larabee v. Dolley, 175 Fed. 365; Elizabethtown First Nat. Bank v. Com. 143 Ky. 816, 137 S. W. 518; Nat. Bank v. Pennsylvania Fuel Co. 215 Pa. 115, 64 Atl. 374; Green v. Bennett (Tex.; 1908) 110 S. W. 108; State v. Nat. Bank, 84 Vt. 167, 78 Atl. 944; First Nat. Bank v. Am. Nat. Bank, 173 Mo. 153, 72 S. W. 1059; Hansford v. National Bank, 10 Ga. App. 270. See also discussion by Justice Shiras in Easton v. Iowa, 188 U. S. 220, 47 L. ed. 452.

National banks are not to be viewed as solely operated for private gain. Easton v. Iowa, 188 U. S. 220, 47 L. ed. 452; M'Cullough v. Maryland, 4 Wheat. 425, 4 L. ed. 606; Osborn v. Bank of United

States, 9 Wheat. 738, 6 L. ed. 204; Merchants Bank v. Armstrong, 65 Fed. 936.

The Federal statutes constitute the measure of authority of national banks. They have no other powers than such as are expressly granted and such additional implied powers as are necessary to carry into effect the express powers granted by the National Banking Act. Logan County Nat. Bank v. Townsend, 139 U. S. 67, 35 L. ed. 107; Sav. Bank v. Kennedy, 167 U. S. 362, 42 L. ed. 198; Seligman v. National Bank, 3 Hughes, 147, 647, Fed. Cas. No. 12,643; National Bank v. Kennedy, 42 L. ed. 198.

Although a national bank may guarantee negotiable paper on transferring or discounting it in the ordinary course of business, it cannot guarantee the papers of others solely for such other's benefit. People Bank v. National Bank, 101 U. S. 181, 25 L. ed. 907; Bowen v. Needles Bank, 87 Fed. 430, 94 Fed. 925; Smelter Supply Co. v. Bank, 173 Fed. 859; Tallapoosa Nat. Bank v. Monroe, 32 L.R.A.(N.S.) 550; Appleton v. Citizens Nat. Bank, 101 N. Y. Supp. 1027, 216 U. S. 196, 54 L. ed. 443; International Harvester Co. v. State Bank (N. D.) 166 N. W. 507; Fidelity Co. v. National Bank (Tex.) 106 S. W. 782; Commercial Bank v. Pirie, 82 Fed. 799; Seligman v. Charlotville Bank, 3 Hughes, 647, Fed. Cas. No. 12,642; Thelmanny v. Paper Co. 108 Iowa, 333, 79 N. W. 68; Knickerbocker v. Wilcox, 83 Mich. 200, 47 N. W. 123; Norton v. National Bank, 60 Am. Rep. 334; Bushnell v. National Bank, 74 N. Y. 290; Flannagan v. National Bank, 23 L.R.A. 836, 56 Fed. 959; Baily v. National Bank, 97 Ill. App. 66; Fidelity Company v. National Bank, 48 Tex. Civ. App. 301; Barron v. McKinnon, 179 Fed. 959; Commercial Nat. Bank v. First Nat. Bank, 104 Am. St. Rep. 879; First Nat. Bank v. American Nat. Bank, 173 Mo. 153, 72 S. W. 1059; First Nat. Bank v. Sixth Nat. Bank, 212 Pa. 238, 61 Atl. 889; Norton v. Bank, 61 N. H. 589; St. Joe Bank v. National Bank, 32 U. S. App. 52, 66 Fed. 691; Bank v. Smith, 40 U. S. App. 690, 77 Fed. 129; Judge Hook in National Bank v. Baird, 17 L.R.A. (N.S.) 526, 160 Fed. 642; McCormick v. Bank, 165 U. S. 538; 167 U. S. 364, 42 L. ed. 198; First Nat. Bank v. National Exch. Bank, 92 U. S. 128.

A contract of a corporation which is *ultra vires* in the proper sense, namely, outside the object of its organization and therefore beyond the

powers conferred upon it by the legislature, is not voidable, but wholly void, and of no legal effect. Transportation Co. v. Pullman Palace Car Co. 139 U. S. 24; Navigation Co. v. Hooper, 160 U. S. 514, 16 Sup. Ct. Rep. 379; Union P. R. Co. v. Chicago, R. I. & P. R. Co. 163 U. S. 564, 16 Sup. Ct. Rep. 1173; McCormick v. Bank, 165 U. S. 538, 17 Sup. Ct. Rep. 433; Bank v. Kennedy, 167 U. S. 362; California Nat. Bank v. Kennedy, 167 U. S. 365, 42 L. ed. 198.

In an *ultra vires* transaction a national bank is liable only to the extent of benefits actually received. Cherry v. City Nat. Bank, 144 Fed. 587; Armstrong v. Chemical Nat. Bank, 83 Fed. 456; Meyer & C. State Bank v. First Nat. Bank, 248 Fed. 679; American Bank v. National Wall Paper Co. 77 Fed. 85; Bank v. Pire, 82 Fed. 799; Towle v. Investment Co. 78 Fed. 688.

*Lovell & Horner,* for respondent.

When no time for the performance is expressed the law implies a reasonable time for performance after the obligation arises. Quimby v. Lyon, 63 Cal. 394; Pauly v. Sage, 15 Conn. 56; Field v. Brown, 45 N. E. 464; Warder v. Nolan, 57 N. E. 821.

The amended complaint of the plaintiff and respondent fairly states a cause of action, and is not demurrable. Thomas v. City Nat. Bank (Neb.) 58 N. W. 945; Second Nat. Bank v. Howe (Minn.) 42 N. W. 200; Tourtelot v. Whited, 9 N. D. 467; First Nat. Bank v. State Bank, 15 N. D. 594; First Nat. Bank v. Bakken, 17 N. D. 224; Grant County State Bank v. N. W. Land Co. 28 N. D. 479; First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867; First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999; Hindman v. First Nat. Bank (Ky.) 57 L.R.A. 108; Patterson v. First Nat. Bank (Neb.) 102 N. W. 765; Northern Nat. Bank v. Lewis (Wis.) 47 N. W. 834; Ditty v. Dominion Nat. Bank, 75 Fed. 769; Wilson v. Pauly, 72 Fed. 129; First Nat. Bank v. Burns (Ohio) 49 L.R.A.(N.S.) 764; Pattison v. Syracuse Nat. Bank, 80 N. Y. 82.

BRONSON, J. This is an appeal from an order overruling a demurrer to the complaint. The facts as they appear from the complaint are substantially as follows:

In October, 1914, the deceased Wegner, of whose estate the plaintiff is executrix, contracted to purchase from the Northern Trading

Company certain land in McHenry county, for $4,500, $2,000 being paid in cash, and the balance, $2,500, to be paid on March 1, 1915, when a warranty deed and an abstract of title was to be given, showing the land free and clear from all liens and encumbrances. Later, when an abstract of title was furnished, a trust deed for $100,000 appeared as a lien against the land and also a mortgage for $1,500. The attorneys for the deceased noted these liens and, in their opinion, required the same to be released and discharged. On March 13, 1915, the defendant, through its cashier, sent to the First National Bank of Everly, Iowa, a draft for $3,000 on the deceased and inclosed a warranty deed to the land, conveying the same free of encumbrances. The bank in Iowa, in a letter, was authorized to deliver the deed upon payment of $3,000 exchange and collection charges. In such letter the defendant further stated: "On receipt of this money we are instructed to place of record a satisfaction of prior encumbrances which we hold here and to furnish you with an abstract of title which will show free and clear of all encumbrances. This we undertake to do."

On March 25, 1915, the cashier of the defendant bank personally wrote the bank in Iowa, explaining about the mortgages outstanding as liens, and that they would see to it that the necessary releases were filed so that the deceased got a perfect title free of encumbrances. On April 6, 1915, the bank in Iowa replied to the letter of the defendant bank, dated March 13, 1915, inclosed a cashier's check for $2,500, and stated in such letter as follows: "In regard to this collection, will say that we are inclosing herewith cashier's check for $2,500 in payment of this deed, which you are to hold until the Northern Trading Company shall complete the abstract which we inclose herewith to the above-described land according to the opinion of Mr. Wegner's attorneys, Messrs. Buck & Kirkpatrick, which is attached to the abstract. We are sending this to you upon your guaranty that the abstract will show the above-described land free and clear of all encumbrances and the abstract returned to us. When this is done you may turn over the $2,500 to the Northern Trading Company."

On April 8, 1915, the defendant bank acknowledged receipt of said letter of April 6, 1915, and stated: "We note the terms under which this is sent, and the matter will have our careful attention."

The Northern Trading Company did not pay off the encumbrances

42 N. D.—26.

mentioned, and the same continued as valid liens against the land in question. The defendant bank delivered the cashier's check for $2,500 to the Northern Trading Company, without receiving or securing the releases required, in violation of the instructions contained in the letter received from the bank of Iowa.

The complaint, in the first cause of action, alleges, in addition to the facts stated, that the defendant bank fraudulently conspired with the Northern Trading Company to wrong and defraud the deceased by converting and delivering such cashier's check, and by converting and appropriating the proceeds. It further alleges that the reasonable market value of the land was $3,000; that the outstanding liens far exceed the value of the land, and that the plaintiff has been damaged in the sum of $3,000. For the second cause of action the complaint alleges that the defendant bank has had and received said sum of $2,500 to and for the use of the deceased. The defendant demurred to each cause of action upon the grounds that there was a defect of parties defendant in that the Northern Trading Company is a necessary party defendant; that several causes of action have been improperly united, and that facts have not been stated sufficient to constitute a cause of action. The trial court wholly overruled the demurrer.

In support of its demurrer, the defendant bank contends that the whole transaction, as pleaded, is *ultra vires* and in excess of the powers of the defendant as a national bank; that being *ultra vires,* and the bank having received no benefits, no implied obligation or liability existed; that there is not consideration shown, that there can be no recovery for fraud or a fraudulent conspiracy in an *ultra vires* transaction; that the plaintiff was guilty of laches in delivering the funds to the defendant bank and accepting the assurance of the cashier of performance, when it knew of the personal interest of the cashier in the transaction, and failed to bring the matter to the attention of the directors. That the complaint shows on its face no certain or definite method of ascertaining plaintiff's damages; that the Northern Trading Company is a necessary party defendant.

These contentions of the defendant bank are largely urged upon the ground that the theory of plaintiff's causes of action, shown from the allegations thereof, is based upon a contract of guaranty made by the defendant bank concerning this transaction, and upon fraud and

fraudulent conspiracy in connection therewith. In other words that the complaint, from its four corners, relies upon and predicates causes of action, alleging in their essence a guaranty undertaken by the defendant bank, clearly *ultra vires*. If, upon the facts alleged in the complaint and admitted by the demurrer, the engagement of the defendant should be so construed, the contention of the appellants concerning the *ultra vires* nature of the transaction would indeed be deserving of serious consideration.

Upon a fair construction, however, of the allegations of the complaint, we are satisfied that a cause of action is alleged in each of the causes of action stated upon a transaction clearly *intra vires,* which is good as against the demurrer interposed. The complaint has attached to it several exhibits. It sets forth the facts fully.

From the facts stated, it is clear that the defendant bank, upon the reception of the cashier's check of $2,500, made an engagement directly within its powers and incidental to its business. When the letter of instructions was sent to the defendant bank, together with the check, and the defendant bank received and accepted the same upon the terms imposed, it thereupon had imposed a duty to pay and a duty to collect within its banking functions. This duty and obligation so accepted by the defendant bank did not depend at all upon its guaranty or its undertaking of guaranty. The duty existed even though the alleged contract of the guaranty be in all respects disregarded. If the Iowa bank had delivered the cashier's check in question to the defendant bank, with instructions to turn the same over to the Northern Trading Company, and that it would rely upon the guaranty of the defendant bank, that the release of the liens in question would be secured, the contention of the appellant might apply and a question of *ultra vires* would then be presented. Bushnell v. Chautauqua County Nat. Bank, 74 N. Y. 290, 293.

On the contrary, however, it is clear that the check and the letter of instructions were not sent and deposited in reliance wholly upon the guaranty made. They were sent, as they might have been sent, if no guaranty had been given, in the ordinary course of banking transactions.

This duty and obligation of the defendant bank, then so imposed and accepted, became analogous to the duty and right of a bank to

receive a special deposit or to act as agent in collections of items of moneys or securities. 7 C. J. 816. See Kennedy v. State Bank, 22 N. D. 69, 74, 132 N. W. 657. This particular duty and obligation was within its power as a national bank. It was incidental to the business of banking. See 7 C. J. 816, 817; U. S. Rev. Stat. § 5136, Comp. Stat. § 9661, 6 Fed. Stat. Anno. 2d ed. p. 654; Bushnell v. Chautauqua County Nat. Bank, 74 N. Y. 290; Sykes v. First Nat. Bank, 2 S. D. 242, 49 N. W. 1058; American Nat. Bank v. Presnall, 58 Kan. 69, 48 Pac. 556; Kansas Nat. Bank v. Quinton, 57 Kan. 750, 48 Pac. 20.

The fact that the defendant bank, in addition to assuming a duty and obligation within its powers, also made a contract or guaranty *ultra vires,* does not permit it to avoid liability for a breach of its duty or obligation *intra vires,* by asserting an *ultra vires* agreement connected with the transaction, when the complaint alleges facts sufficient to constitute a cause of action against the bank for violation of its duty or obligation *intra vires.* 7 C. J. 835; First Nat. Bank v. Henry, 159 Ala. 367, 49 So. 97. The complaint being so construed, the contentions of the appellant concerning the principles of law applicable upon a transaction *ultra vires* do not apply.

The first cause of action sounds in tort, in the nature of a conversion. The second cause of action is for money had and received. Recovery may be had in either form of action. Kennedy v. State Bank, 22 N. D. 69, 74, 132 N. W. 657; 7 C. J. 613; 38 Cyc. 2025. See Pinkney v. Kanawha Valley Bank, 68 W. Va. 254, 32 L.R.A. (N.S.) 987, 69 S. E. 1012, Ann. Cas. 1912B, 115; Gregg v. Bank of Columbia, 72 S. C. 458, 110 Am. St. Rep. 633, 52 S. E. 195. Appellant has made no point in the brief or upon oral argument concerning the improper joinder of the two causes of action. It is therefore waived. Both causes of action as alleged show actual damages sustained. See Kennedy v. State Bank, supra. Upon the breach of its duty or obligation the defendant bank was liable for the actual loss sustained thereby. 7 C. J. 623. See A. G. Becker & Co. v. First Nat. Bank, 15 N. D. 279, 281, 107 N. W. 968; Comp. Laws 1913, § 6002.

Accordingly the trial court did not err in overruling the demurrer. The order of the trial court is affirmed, with costs to the respondent.