C. A. SPENNINGSBY, sole trader doing business under the firm name and style of Valley Sales Company, Plaintiff and Respondent,

v.

Peter T. PETERSON, Earl K. Peterson and Clarence Peterson, co-partners doing business under the firm name and style of Bison Freight Lines, Defendants and Appellants.

No. 7334.

Supreme Court of North Dakota.

Jan. 7, 1955.

L. T. Sproul and Romen H. Fitzner, Valley City, for appellants.

Wm. L. Paulson, Valley City, and Philip L. Scherer, Winthrop, Minn., for respondent.

BURKE, Chief Justice.

In this action, plaintiff sought to recover property damages incurred in a collision between a tractor and semi-trailer driven by one of his employees and another tractor and semi-trailer which was in the control of an employee of the defendants. Upon a jury trial a verdict for the plaintiff was returned and judgment in accordance with the verdict was entered. Defendants have appealed from the judgment. There are several specifications of error but only one of these specifications is argued in the brief. That one is that the evidence is insufficient to sustain the verdict. The specifications not argued are deemed to be waived. Kennedy v. State Bank of Bowbells, 22 N.D. 69, 132 N.W. 657; Beauchamp v. Retail Merchants' Ass'n Mut. Fire Ins. Co., 38 N.D. 483, 165 N.W. 545.

Upon the question of the sufficiency of the evidence the contentions of the defendants are: 1, that there is no evidence of any actionable negligence upon the part of the defendants' employees, and 2, that the evidence establishes contributory negligence on the part of plaintiff's employee as a matter of law.

The collision occurred about two miles east of Valley City on a bitter March day. The temperature was zero and blizzard conditions prevailed. Maximum visibility was 75 to 100 feet but intermittent snow flurries of increased density at times reduced visibility to zero. Defendants' employee, driving a tractor and a fully loaded semi-trailer, had arrived at Oriska, eleven miles east of Valley City early in the morning. At Oriska, he waited awhile to see if the storm would abate. When he was satisfied that weather conditions had cleared sufficiently for him to proceed in safety, he set out for Valley City. He stated that it was impossible for him to guide his vehicle safely by viewing the road through his windshield. He opened the window of the cab and guided his tractor by watching the edge of the paving on the left-hand side of the road. To accomplish this it was necessary for him to drive practically in the center of the road. As he drove along his engine commenced to falter and at a time he was proceeding up a slight grade stopped altogether. Defendants' employee then set his brakes and put his transmission in first gear, thus securely anchoring his vehicle where it had stopped, approximately in the center of the road. Another employee of defendants who was driving a following vehicle of the same character, saw the parked vehicle in time to stop within five or six feet of it. This vehicle was being driven at a speed of five or six miles an hour. Defendants' two employees then attempted to start the engine of the disabled tractor. Failing in this, they left the vehicle unattended and proceeded towards Valley City. In the parked vehicle were flares and warning flags. These signals were not set out. While the parked vehicle could not proceed forward, it would have been possible for the driver to let it coast backward down hill and to guide it to a position at the side of the road. This, he did not do. Later another tractor-trailer combination belonging to Winston-Newell Company approached the parked vehicle from the east. Its driver stated, "I was driving up grade at a speed of five or six miles an hour looking out the side window watching the black top and all at once the reflectors of the trailer shown back from the truck and I stopped, and here was the trailer right

in front of me. I stopped four or five feet from the trailer."

Plaintiff's employee came along the same route and reached the vicinity of the parked vehicle at about eight o'clock in the morning. He also was driving a tractor-semi-trailer combination. He testified that he was driving at a rate of fifteen miles per hour, that the visibility was about fifty to seventy feet and that he could stop within the range of his visibility. As he was driving along he encountered a snow flurry which reduced visibility to nine or ten feet. He immediately applied his brakes and started reducing his speed. Suddenly he saw "a shape loom up" in front of him at a distance of not more than ten feet. By that time he had reduced his speed to eight or nine miles per hour. He tried to avoid a collision by turning sharply to the left but failed in the attempt.

█ Does this evidence make the question of defendants' employees' negligence and the question of plaintiff's employee's contributory negligence questions for the jury? Questions of negligence and contributory negligence are questions of fact for the jury unless the evidence is such that reasonable men can draw but one conclusion therefrom. Armstrong v. McDonald, 72 N.D. 28, 4 N.W.2d 191; Fagerlund v. Jensen, 74 N.D. 766, 24 N.W.2d 816; Pachl v. Officer, N.D., 54 N.W.2d 883.

█ The evidence concerning the conduct of defendants' employees establishes that they abandoned a stalled vehicle in the center of a well-traveled highway. While the vehicle could not be moved under its own power, it is undisputed that it had stalled upon a grade and that it could have been backed downhill to the side of the road where it would have been relatively harmless as an obstruction to traffic. Section 39-1022 NDRC 1943, provides that no person shall park or leave standing any vehicle upon the main traveled portion of any highway outside of a business or residential district unless the vehicle is disabled to such an extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position. Here it was possible to move the vehicle to a place of relative safety and the failure of defendants' employees to so move the vehicle was evidence of negligence. A violation of a statutory rule, relating to safety upon the highways is evidence of negligence, Knutsen v. Arendt, N.D., 56 N.W.2d 340. See also Keller v. Breneman, 153 Wash. 208, 279 P. 588, 67 A.L.R. 92, in which the failure to back a stalled truck downhill to a place of safety was held negligence. We are satisfied therefore that the evidence is at least sufficient to sustain the jury's finding of negligence on the part of defendants' employees.

█ In considering whether plaintiff's employee was guilty of contributory negligence as a matter of law, we must view the evidence in the light most favorable to him. Ekren v. Minneapolis St. P. & S. S. M. R. Co., N.D., 61 N.W.2d 193; Smith v. Knutson, 78 N.D. 43, 47 N.W.2d 537.

According to the testimony of plaintiff's employee, he was driving through a snow storm at a speed of fifteen miles an hour, he could see fifty to seventy-five feet ahead and could have stopped within that distance if necessary. Suddenly the storm grew more intense and visibility was reduced to a distance of nine to ten feet. He immediately applied his brakes to reduce his speed, he had reduced his speed to eight or nine miles an hour when defendants' truck "loomed up" in front of him at a distance of not more than ten feet. He also testified that up until the time his vision was practically obliterated by the sudden increase in density of the driven snow, the storm had been relatively constant in severity and that this was the only occasion upon which he had encountered a dimming of visibility to less than fifty feet. Thus plaintiff's employee was confronted by a sudden and unanticipated emergency. He reacted to the emergency by gradually slowing down the speed of the truck, but still was unable to avoid the collision.

█ We think the principle of law applied by this court in Lostegaard v. Bauer, 78 N.D. 711, 51 N.W.2d 761, is applicable

here. In that case we held that a jury might find that the driver of a car, who was temporarily blinded by glaring lights of an approaching car, immediately prior to colliding with a parked car, was free of contributory negligence. In the instant case the driver's vision was obscured by an unexpected snow squall. The difference between the two cases is immaterial in so far as legal results are concerned. In each the driver's ability to see was interfered with by an agency which was unforeseen and beyond his control.

We are satisfied therefore that the question of contributory negligence on the part of the plaintiff was one for the jury.

The judgment of the district court is therefore affirmed.

MORRIS, SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.