[File No. 7187]

JULIA SMITH, Appellant, v. THEODORE KNUTSON and ARTHUR KNUTSON, individually, and as co-partners d/b/a Knutson Potato Company; Knutson Farms Company; Knutson Grain Company; and Knutson Cooperative Association, a corporation, Respondents.

(47 NW2d 537)

Opinion filed April 11, 1951

*Day, Lundberg, Stokes, Vaaler & Gillig,* for appellant.

*Philip R. Bangs,* for respondent.

GRIMSON, J.   Plaintiff brought this action to recover damages for the death of her son, Lloyd Smith, alleged to have been caused by the negligence of the defendants.   The defendants interposed an answer denying liability and setting forth certain defenses to the action.   The issues formed by the pleadings were tried to a jury.   At the close of the case a motion by the defendants for a directed verdict was denied.   The jury returned a verdict for the plaintiff.   Thereafter the defendants made a motion for judgment notwithstanding the verdict or in the alternative a new trial.   The district court granted the defendants' motion for judgment notwithstanding the verdict and ordered judgment for the defendants for a dismissal of the action. The defendants appealed from that judgment and this court held that the trial court was in error in rendering judgment notwithstanding the verdict but further held that inasmuch as the alternative motion for a new trial had not been determined the defendants were granted leave to renew their application for a new trial in the district court within thirty days of the date for filing remittitur.   Smith v. Knutson, 76 ND 375, 36 NW2d 323.   After remand the defendants duly presented their motion for a new trial.   The trial court granted the motion and the plaintiff has appealed from the order for a new trial.

The motion for a new trial was based upon the following grounds:   That the motion of the defendants for a mistrial should have been granted; that the court erred in his instructions to the jury; that errors in law occurred at the trial and were excepted to by the defendants; that the evidence is insufficient to justify the verdict; that the verdict is against the law; that the evidence is of such character that the verdict should be set aside as a matter of discretion and that excessive damages were awarded.

The district court granted a new trial on the grounds as stated in his memorandum opinion:   "That this court was in error when it refused to either advise or instruct the jury that there was no insurance carried by defendants, or any of them, which would protect them in an action of this character, and that the court was in error when it refused to grant defendants' motion for mistrial made at the conclusion of the trial."

This ruling is based upon an occurrence that took place during the examination of the prospective jurors. No record was made of that occurrence but after the jury was selected Mr. Bangs, the defendants' attorney, out of the presence of the jury, made the following record:

"During the examination of the prospective jurors for this trial, which examination was had Thursday afternoon, the 26th. Mr. Lundberg, as attorney for the plaintiff, asked the question of Mrs. Harry Reff whether or not she had any prejudices regarding this type of an action, to which she answered, 'No,' and then voluntarily stated that she understood that in this type of case there was usually insurance. The examination of the jurors continued without any further reference being made to insurance, and a jury was finally empanelled and sworn to try the case, which empanelled jury consists of jurors who were present in court at the time the above statement was made, and either actually heard the statement or were in a position to hear it.

"At this time the defendants ask permission to introduce sworn testimony to prove that there is absolutely no insurance involved in this lawsuit, or no insurance that in any way protects the defendants, or any of them, in this lawsuit. And if that proof is made the defendants will then request the court to, by proper warning or instructions, notify the jury that there is no insurance involved in this lawsuit. And if the court fails to comply with the request, the defendants will move for a mistrial. . . ."

The testimony of the defendants, Arthur Knutson and Theodore Knutson was then taken, out of the presence of the jury, to the effect that they had no insurance covering an accident of this kind.

Then counsel for defendants said:

"We feel that when the juror, Mrs. Reff, volunteered the statement that she did, that has been mentioned, it was heard undoubtedly by other jurors who are now seated in this case, and that we are entitled to have the jury instructed or advised by the court that there is absolutely no insurance involved in this case, no insurance that protects any of the defendants. And

failure on the part of the court at sometime during this trial to so advise or instruct the jury will make it necessary for the defendants to move for a mistrial. As I understand it, the court is not deciding the matter immediately."

Counsel for plaintiff objected to having the jury advised along the lines suggested, saying:

"We believe it would give the defendants an undue advantage in establishing the fact which is immaterial and irrelevant and has not been injected into the action by any act of the plaintiff and furthermore, the record shows that the objecting counsel did not strike the jury (juror) who volunteered this statement under the peremptory rights which the record will show he possessed and could have availed himself of, and there is no evidence that any significance was attached to the casual remark by other jurors. I might say that we would not object to the court stating in a general way that the matter of insurance was not at issue and should be disregarded, providing it is done in such a way as to not attach undue significance either way."

Counsel for defendants opposed an instruction along that line "for the reason it carries with it the intimation that there is insurance, and that is exactly what we are trying to avoid." The Court: "The ruling on both the motion and the objection to the motion will be reserved at this time."

It will be noticed that no misconduct is shown or claimed upon the part of the plaintiff's attorney in this connection. The question he asked was perfectly proper. He consented to an instruction which if worded along the line he suggested might have been proper. That remark of the juror was not a direct statement that there was insurance involved in this particular case. Ordinarily voluntary, unresponsive, incidental statements of this kind are held to be an exception to the general rule prohibiting improper reference to insurance. 105 ALR Anno p 1327; Meinecke v. International Tsp. Co. 101 Mont 315, 55 Pac2d 680. A reference to insurance which leaves in doubt what kind of insurance or whose insurance is meant is generally regarded as harmless. 4 ALR2d Anno Sec 22, p 819 and cases cited.

The action of counsel and court were in accordance with those assumptions. Plaintiff's counsel did not try to take any advan-

tage of the remark. Defendants' counsel wisely refrained from making any objection in the presence of the jury. The incident was allowed to pass as a casual remark with no relation to the case. An objection by counsel and action by the court by way of instruction or otherwise would have brought the matter of insurance before the jury much more definitely than would this remark. To the credit of counsel and court the matter was handled in the manner most likely to avoid prejudice. Under the circumstances no prejudice can be presumed to have resulted from that single, voluntary remark of the juror. There was no evidence before the jury which warranted the giving of the instruction requested. Instructions should be confined to issues presented by the evidence. Pease v. Magill, 17 ND 166, 115 NW 260; Foster et al. v. Dwire, 51 ND 581, 199 NW 1017.

Furthermore, no written instruction was submitted as provided by Sec 28-1412 NDRC 1943, and this court held in Carr et al. v. Minneapolis, St. P. S. St. Mr. Ry. Co. 16 ND 217, 112 NW 972, that it was not error to refuse a request orally made "by reason of its not having been submitted to the court in writing."

The court covered the incident of this voluntary remark as well as it could be covered under the circumstances of the case when he instructed the jury as follows: "You should give all the testimony in this case just and fair weight. *You have no right to go outside of the evidence and look for any theory on which to build a verdict one way or the other.*" (Italics ours.)

After the case had been submitted to the jury the attorney for the defendants made the following motion:

"The court having just a minute ago completed the giving of instructions to the jury and the jury having now retired with the case, defendants move for a mistrial on the ground, as was stated at the commencement of the trial, for the reason that the court has failed to comply with the request then made that the jury be instructed that there was no insurance in this lawsuit."

The motion was denied.

The defendants had not challenged Mrs. Reff for cause nor exercised a peremptory challenge against her. Only two peremptory challenges were exercised by the defendants in the selection of the jury. No insurance was mentioned in the testimony. No prejudice is shown.

In Ramage v. Trepanier, 69 ND 19, 283 NW 471, this court held that "A party predicating error on rulings on the examination of jurors on voir dire must present a record affirmatively showing rulings are erroneous, and operate to his prejudice." In Beardsley v. Ewing, 40 ND 373, 385, 168 NW 791, this court said: "If it is thought that the jury is prejudiced by reason of improper suggestions made during the trial, steps should be taken at once to secure another trial before another jury." Counsel did not make any motion for a mistrial until after the case had been submitted to the jury. He speculated upon what the court would do on his request and upon the verdict, a practice condemned in the Beardsley case. His only ground was this voluntary remark of the juror upon voir dire.

In the case of Dossett v. Anderson, 314 Ill App Ct 376, 41 NE2d 313, juror was asked a question of the same purport as the one here involved. He answered: "I know the insurance company that is in this case. They are a neighbor of mine." Some explanation was given by counsel. The court held the refusal to declare a mistrial was not prejudicial error. That was a more direct reference to insurance being involved in the case than the remark in the instant case.

"A mistrial should not be granted in a personal injury action for indicating that defendant is protected by insurance, unless plaintiff's counsel or witness has deliberately, willfully or collusively undertaken to inform jury of that fact." Gephart v. Stout, 11 Wash2d 184, 118 Pac2d 801 and cases cited.

"By the weight of authority, if counsel propounds a question which calls for proper evidence, the fact that an irresponsive and inadvertent answer includes a reference to insurance will not be ground for declaring a mistrial." 4 ALR2d Anno Sec 12, p 784 and cases cited. See also Garee v. McDonnell, 116 Fed2d 78, 21 Appleman on Insurance, Sec 12834, p 512.

"A mistrial is equivalent to no trial at all, and is declared because of some circumstance indicating that justice may not be done if the trial continues." 58 CJS Mistrial, p 834.

No such circumstance occurred in this case. A mistrial is granted only on such fundamental errors in the trial as would vitiate the result. Hunt Co. v. Boston Elevated Railway Co. — Mass —, 104 NE 728. Or when further proceeding would be productive of great hardship or manifest injustice. Usborne v. Stephenson, 36 Ore 328, 48 LRA 432. In Hoffer v. Burd, just decided by this court, it is held:

"A declaration by the trial court of a mistrial is an extreme remedy to be resorted to only when there is a fundamental defect in the proceedings of the trial or when something has happened during the course of the trial which makes it evident that further proceedings therein would be productive of manifest injustice."

Under all the circumstances shown in the evidence in this case there was no error on the part of the court in refusing to give the instruction requested or in denying the motion for a mistrial.

The defendants next argue the court erred in his ruling on the admission of testimony. After plaintiff had made a prima facie case and rested, the defendants called their farm manager, Kenneth Foss, who had charge of the defendants' potato warehouse and through him introduced a model of that part of the warehouse basement and equipment where the accident happened. On cross-examination he was asked the following questions:

"Mr. Stokes. Q:—There have been changes made in the wiring of this potato warehouse subsequent to July 4, 1944?

"Mr. Bangs: Objected to as incompetent, irrelevant and immaterial.

"Mr. Stokes: We believe this is material, Your Honor.

"The Court: He may answer, but I don't think we should go too far afield.

"A:—You mean after July, Yes.

"Mr. Stokes: Q. And when were these changes made?

"A. I don't recall the date of that."

The plaintiff's son was found dead beside a motor in the basement of the potato warehouse of the defendants on the morning of July 5, 1944. He had gone there the preceding evening to start the motor for pumping out water that had seeped into the basement. In the performance of that chore he was electrocuted. The negligence of the defendants in connection with the installation of the motor and electric wiring is alleged as the cause of his death.

The defendants' counsel claim the question calls for repairs or changes made after the accident. They cite the ruling of this court in the case of Huus v. Ringo, 76 ND 763, 39 NW2d 505, to the effect that repairs or alterations made after an accident are not admissible to prove antecedent negligence or as an admission of negligence on the part of the defendant. In that case such evidence was offered as a part of the proof of the plaintiff for the purpose of showing that the defendants' negligence had caused the accident. The ruling of this court in that case is in accordance with the weight of authority. 170 ALR Anno p 7. That ruling, however, does apply under the evidence in the instant case. There are situations that do not come within that general rule. One of such situations is where evidence of repairs made or precautions taken after an accident are offered in rebuttal or as going to the credibility of the testimony offered. 170 ALR Anno p 37. "The evidence as to subsequent changes, repairs or precautions is admissible in a proper case to explain or rebut the evidence." 65 CJS Negligence, Sec 225, p 1044.

Witness, Foss had claimed that his model was an accurate reproduction of the table, pump, motor, wiring, fuse and switch box used in pumping water out of the basement as they were at the time of the accident on July 4, 1944 made to scale except for the motor. On cross-examination he admitted that the model had been built after the commencement of this action and approximately a year after the accident. He admitted that he did not notice the wires on the morning after the accident. He admitted that some changes had then been made and that he did not know the number of wires at that time connected. He had testified without objection that changes had been made in this apparatus after the accident. The question objected to was

·but a further inquiry into the matter of changes and whether they affected the wiring which is claimed as the cause of the accident. It was material on the accuracy of the model made a year after the date specified in the question. Clearly the testimony was admissible as going to the credibility of the witness and in rebuttal of the accuracy claimed for the model. McDonald v. City of Duluth, 93 Minn 206, 100 NW 1103.

It is also to be noted that the objection is general and does not point out the particular objection now argued. In the case of Kolka v. Jones, 6 ND 461, 71 NW 558, the court lays down the rule that:

"In stating an objection to evidence or the ground of a motion, the particular objection or ground relied on must be specified unless it is one which could not possibly be obviated. If it is not so specified, the point will not be considered in this court, if it could possibly have been obviated on the trial."

This rule has been strictly followed. In Buchanan v. Minneapolis Threshing Machine Co., 17 ND 342, 116 NW 335, Judge Morgan speaking for this court puts it this way:

"Since the decision of Kolka v. Jones, 6 ND 461, 71 NW 558, 66 Am St Rep 615, this court has followed the rule there adopted that an objection to a question as incompetent, irrelevant and immaterial is too general and does not advise the court or opposing counsel of the ground relied on, and that the ground must be specified, except in cases where the objection cannot possibly be obviated at the trial." See also Huston v. Johnson, 29 ND 546, 151 NW 744; Mayer Boot & Shoe Co. v. Ferguson, 19 ND 496, 126 NW 110.

"Where it is not self-apparent that testimony called for or evidence sought to be introduced is not admissible for any purpose, it is well-settled that in the absence of statutes giving peculiar force to certain phrases, mere general objection, without the statement of any specific ground of objection, when overruled, are not sufficient to present ground for review in an appellate tribunal or to constitute ground for new trial." 6 Jones Commentaries on Evidence, Sec 2519, p 4982. See also 1 Wigmore on Evidence, 332.

When evidence is admissible for one purpose and satisfies

all the rules applicable to it in that capacity it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity, 1 Wigmore on Evidence, The Theory of Admissibility, Sec. 13, p. 299. Counsel must point out to the court the purpose for which the evidence is not admissible and ask for an instruction limiting the consideration of that evidence by the jury to the purpose for which it is admissible. In Cobb v. Dibrell Bros. 207 NC 572, 178 SE 213, the court states it this way:

"It is the duty of a party objecting to evidence which is competent for some purposes, but not for all, to point the objection at the time it is taken and to request the court to properly restrict it."

That was not done in the instant case. The trial court committed no error in the admission of the testimony complained of under the evidence in this case.

Error is assigned on the instructions of the court in quoting from Secs 34-0402, 34-0301 NDRC 1943 concerning the length of time for which a servant is hired. It was for the jury to decide from the evidence whether the deceased was an employee of the defendants at the time of the accident. That involved a consideration of whether his employment as shown by the testimony continued to and included the time of the accident. The evidence warranted the reference to the statute in that connection.

As errors of law the specifications allege that there was no evidence of negligence on the part of the defendants but that there was evidence of contributory negligence on the part of the deceased, Lloyd Smith, that said Lloyd Smith was a trespasser not an employee of the defendants and not acting in the course of his employment. That consequently a verdict for the defendants should have been directed. All these questions were discussed and passed upon in the former appeal and held to be matters for the jury. Smith v. Knutson, supra.

The specifications of error contain an abstract of the evidence but they fail to point out the particulars in which that evidence is insufficient to support the verdict as required by Sec 28-1809 NDRC 1943. Moreover, the memorandum decision of the dis-

trict court on the motion for a new trial fails to state that the insufficiency or unsatisfactory nature of the evidence was a reason for granting the new trial. Therefore, "it shall be presumed on appeal that it was not on that ground" that the new trial was granted. Sec 28-1906 NDRC 1943. The trial court granted the new trial on the other grounds heretofore stated. We must presume, therefore, that the trial court found that the insufficiency of the evidence was not ground for a new trial. Furthermore, as stated in the previous opinion there was evidence from which the jury could arrive at different conclusions. Their verdict for the plaintiff is presumed to have determined all the questions of fact in the plaintiff's favor. Leonard v. North Dakota Wool Cooperative Marketing Assoc. 72 ND 310, 6 NW2d 576; Taylor v. Minneapolis, St. P. and S. S. M. Ry. Co., 63 ND 332, 248 NW 268. On further review of the evidence now we are satisfied there is sufficient evidence to support that verdict, and that the evidence does not indicate that the verdict is excessive or that it is based on passion or prejudice.

The order of the District Court granting a new trial is reversed and the judgment originally entered on the verdict will stand.

Morris, C. J., and Burke and Christianson, JJ., concur.

Sathre, J. did not participate.