JOHN R. GRAHAM, APPELLEE, v. SIMPLEX MOTOR REBUILD-
ERS, INC., A CORPORATION, APPELLANT, IMPLEADED WITH
TAKIN BROTHERS FREIGHT LINE, INC., A CORPORATION,
APPELLEE.

215 N. W. 2d 641

Filed February 14, 1974.   No. 39166.

Theodore J. Stouffer of Cassem, Tierney, Adams &
Henatsch, for appellant.

Alfred A. Fiedler of Weinberg & Fiedler, for appellee
Graham.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, and CLINTON, JJ., and FLORY, District
Judge.

BOSLAUGH, J.

This is the second appearance of this case in this court.
The facts are stated in detail in Graham v. Simplex Mo-
tor Rebuilders, Inc., 189 Neb. 507, 203 N. W. 2d 494.

On the second trial the jury returned a verdict for the
defendant.  The defendant has appealed from the trial
court's order sustaining the plaintiff's motion for a new
trial.

The plaintiff was injured on January 16, 1968, when
he fell on the defendant's loading dock while attempting
to lift a steel plate that was used as a bridge or ramp in
loading trucks.  The plaintiff testified that he had raised
one end of the plate "about a foot" when it slipped from
his hands because the other end was stuck in snow and
ice on the dock.

As a part of its case the defendant produced a steel plate which was identified as the plate involved in the accident. During the trial there was some controversy over the fact that the plate was not covered while it was being moved to the courtroom and some of the jurors may have seen the plate before it was received in evidence. Since the plate was received in evidence as exhibit 3 without objection from plaintiff's counsel, no prejudicial error could result from failing to cover the exhibit before it was received in evidence.

In his argument to the jury, plaintiff's counsel stated that exhibit 3 was not the plate involved in the accident. The argument was based upon photographs of the dock taken on January 14, 1969.

Defendant's counsel, in his argument to the jury, stated that plaintiff's counsel had "played a dirty trick" by arguing that exhibit 3 was not the plate involved in the accident, and held up a packet which he stated contained photographs that could have been introduced in evidence and would have eliminated any question as to the identity of the plate. No objection was made during the argument. After the argument had been completed and before the jury had been instructed, plaintiff's counsel made a formal objection to the argument and requested the court to admonish the jury to disregard the remarks of defendant's counsel. The trial court refused to admonish the jury but offered to declare a mistrial. Plaintiff's counsel stated that he did not desire a mistrial. The case was then submitted to the jury.

In Sandomierski v. Fixemer, 163 Neb. 716, 81 N. W. 2d 142, this court held that an objection to argument and a motion for a mistrial may be made at the close of argument. However, a failure to ask for a mistrial is ordinarily a waiver of the misconduct.

The complaint here is that the trial court should have admonished the jury to disregard the statements of defendant's counsel. We think it was within the discretion

of the trial court, under the circumstances of this case, to determine that no admonition should be given after the arguments had been completed, and require the plaintiff to elect whether a mistrial should be declared. The plaintiff's election not to request a mistrial then waived the misconduct.

The plaintiff also complains that it was misconduct for the defendant's counsel to permit the president of the defendant corporation to assist defendant's counsel in a demonstration during argument. The demonstration consisted of lifting one edge of the plate approximately 1 foot from the floor to show that the opposite edge of the plate would then be the only point of contact with the floor. While the plate was being held by defendant's counsel, defendant's president moved his hand back and forth underneath the plate to show that it was not touching the floor. The action of defendant's president did nothing more than demonstrate something that was obvious to all. Although it is not good practice to permit parties to engage in demonstrations which are a part of the closing arguments, there was no prejudice to any substantial right of the plaintiff under the facts in this case.

The judgment of the District Court is reversed and the cause remanded with directions to reinstate the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.