CAROL MOTIS, APPELLEE, v. THOMAS B. MANNING ET AL., APPELLANTS.

264 N. W. 2d 844

Filed April 12, 1978. No. 41454.

Barlow, Johnson, DeMars & Flodman, for appellants.

Daniel E. Bryan of Heinisch & Bryan Law Office, for appellee.

Heard before WHITE, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and HENDRIX, District Judge.

CLINTON, J.

This is an action, growing out of the collision of two automobiles, for personal injury received by the plaintiff and for medical expenses incurred and loss of consortium by the plaintiff's husband. The trial judge instructed the jury that the defendants were guilty of negligence which, as a matter of law, was the proximate cause of the collision and submitted to the jury the issue of the cause, nature, and extent of personal injury and the amount of damages. The jury returned a verdict for the plaintiff in the amount of $24,990.35. The defendants have appealed and make the following assignments of error: (1) The trial court erred in denying the defendants' motion for a mistrial which was founded upon the fact that one of the plaintiff's medical witnesses made unresponsive statements implying the existence of liability insurance. (2) The verdict is excessive. We find that the first assignment is well taken and we reverse and remand for a new trial.

The injury suffered by the plaintiff was that commonly referred to as a whiplash. There is also evidence of low back pain. There is a conflict in the medical testimony as to the extent and permanence of the injuries suffered.

During direct examination of the medical witness, who was also a treating doctor, one of the subjects being discussed was the possibility of spurs developing on the cervical vertebrae. He was then asked a question concerning the cause of spurring and responded: "This is an interesting point, and this is why, why I feel that any cervical whiplash, and the vast majority of cervical whiplash that I see in the office are signed away before any claim is really made on the insurance company." Shortly thereafter a brief recess was taken. Later during cross-examination by the defense counsel, he had occasion to ask the witness the meaning of the term asymptomatic. The witness responded: "Asymptomatic means that she is without symptoms, and at that

time I reported to an insurance company that -- is this all right?'' Defense counsel then stated: ''Your Honor, I wonder if the Witness could be instructed to answer the question specifically?'' and the witness responded: ''Okay, sure. I was just trying to be helpful.''

The court then, in the presence of the jury, delivered a rather lengthy admonition to the witness and instructed the jury ''to disregard any mention of insurance because in the end they will never know whether there is insurance or there isn't insurance, and it is not a proper subject to consider. Therefore, put it out of your mind, and the doctor is instructed not to mention it again.''

When the plaintiff rested her case the defendants made the motion for mistrial. After consulting the plaintiff's counsel as to whether he would prefer a mistrial to proceeding and giving the defendants a possible ground for reversal upon appellate review, the trial court denied the motion. Counsel's response, if any, does not appear in the record.

The record further shows that during the recess between the direct and cross-examination above referred to, the court had informed plaintiff's counsel that he should instruct the witness not to mention insurance and that the court would if he did not. It also shows that counsel did, after the first incident, caution his witness.

The plaintiff does not deny that the admission of the evidence of liability insurance is, under our decisions, irrelevant to any issue in this case and inadmissible, but argues that it is not clear what kind or whose insurance was involved, that counsel was not reponsible for the nonresponsive answers of the witness, that defendants made no objection to the evidence and no motion to strike and that their motion for mistrial was not timely, and in any event that the error is harmless and the defendants are not shown to have been prejudiced.

We have many times held the fact that a party is indemnified for loss by an insurance company is irrelevant to the issue of negligence and it is reversible error to permit the plaintiff to show the fact of insurance. Fielding v. Publix Cars, Inc., 130 Neb. 576, 265 N. W. 726. See, also, Bergendahl v. Rabeler, 131 Neb. 538, 268 N. W. 459; Sandomierski v. Fixemer, 163 Neb. 716, 81 N. W. 2d 142. Conversely, a defendant may not show that he does not carry liability insurance. Taulborg v. Andresen, 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642.

It is very clear from the witness' statements that liability insurance was being referred to. The first statement, "signed away before any claim is really made on the insurance company," can refer only to liability insurance. It is clear from the second comment that reference was to an insurance company involved in this case. Since a liability insurance carrier for the plaintiff could not be involved, there is no uncertainty about the reference.

It is no doubt true that counsel for the plaintiff was not the cause of the witness' nonresponsive statements. However, if such errors are to be avoided, it can, for the most part, come about only through prior admonition of one's own witnesses. A reading of the witness' entire testimony makes it plain that he had an unbounded enthusiasm for his party's interest and for publicizing to the jury his own expertise. The direction that his effort to be "helpful" was taking is not subject to much doubt. The fact that a party did not cause his witness to inject the irrelevant matter cannot make it less harmful.

The plaintiff's argument that the defendants made no immediate objection and that a motion for mistrial was not timely is made primarily in reliance on Law v. Gilmore, 171 Neb. 112, 105 N. W. 2d 595; and Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315. The latter case has been cited in the annotations for the proposition that unexpected and unresponsive

answers are not grounds for mistrial. However, a reading of the case indicates that the opinion there was founded upon a waiver by the defendant in not making a motion for mistrial and in taking his chances on a favorable jury verdict. In the cited cases the defendant either did not object in any way, or did not make a motion for a mistrial and elected to take his chance. In this case the matter was called to the court's attention at the first recess within a few minutes of the first incident and the defendants made their motion for a mistrial shortly after the second incident and as soon as the plaintiff had rested her case. A motion for a mistrial is ordinarily timely if made at the first reasonable opportunity. Sandomierski v. Fixemer, *supra;* Graham v. Simplex Motor Rebuilders, Inc., 191 Neb. 320, 215 N. W. 2d 641.

If the only issue before the court were the claim of excessiveness of the verdict, we would hold that it was not excessive. There was considerable evidence of pain and suffering, disability, inability to engage in leisure activities, and evidence of consequential monetary damage because of inability to do work for her husband which she had previously been able to perform. This evidence, if accepted by the jury, would perhaps have justified even a larger verdict. On the other hand, the nature and degree of disability was a subject of conflicting expert testimony. The fact that the jury was informed of the existence of liability insurance may well have affected the amount of the verdict. We therefore find the error prejudicial and reverse the judgment and remand the cause for a new trial.

REVERSED AND REMANDED.