Marian Huso NEIBAUER, formerly Marian Huso, Plaintiff and Appellant,

v.

Colby WELL, Defendant and Appellee.

Civ. No. 10147.

Supreme Court of North Dakota.

May 13, 1982.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellant; argued by Albert A. Wolf, Bismarck. Appearance by Joann Wheeler Johnson, Bismarck.

Pearce, Anderson & Durick, Bismarck, for defendant and appellee; argued by B. Timothy Durick, Bismarck. Appearance by Joy L. Wezelman, Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal by the plaintiff, Marian Huso Neibauer, from an order of the District Court of Burleigh County, dated October 16, 1981, granting the defendant, Colby Well, a new trial. We affirm.

Marian sued Colby for damages allegedly sustained by her when an automobile in which she was a passenger was struck from the rear by a vehicle operated by Colby. During the trial Marian, while testifying on direct examination by her attorney, made a reference to insurance:

"DIRECT EXAMINATION BY MR. WOLF:

"Q. Tell us, when you had your examination with Dr. Mattheis some weeks ago, approximately how much time did you spend in his office?

"A. Possibly fifteen minutes.

"Q. And that examination was arranged for by Mr. Durick's office; is that right?

"A. Or Mr. Pearce, right.

"Q. Mr. Pearce's office?

"A. Right.

\*      \*      \*      \*      \*      \*

"Q. Can you tell us what conversation you had with Dr. Mattheis at that time?

"A. It was very limited. He just said he was doing an evaluation for the insurance company. He placed his hands on the back of my neck, and he talked about—

"MR. DURICK: Excuse me a moment. Could we approach the bench, please.

"[Counsel approached the bench; the following discussion was had outside the hearing of the jury:]

"MR. DURICK: Your Honor, we move for a mistrial on the basis that the plaintiff has now injected the issue of insurance into this lawsuit, and I think under North Dakota law that is a basis for a mistrial. It's not relevant and it's prejudicial to the defense in this case."

Colby's motion for mistrial was denied by the district court and the proceedings continued. No instruction admonishing the jury to disregard the insurance reference was requested or given by the court at the conclusion of the trial. The jury returned a verdict against Colby in the amount of $50,-000 in general damages and $25,000 in special damages.

Colby filed a timely motion for new trial asserting that Marian's reference to insurance, which implied that defendant Colby was protected by liability insurance, constituted prejudicial error and that the district court erred in denying Colby's previous motion for a mistrial on that ground. In a written memorandum decision on Colby's motion for a new trial the district court concluded that Marian's reference to insurance was prejudicial. In support of its conclusion the district court stated:

"It would appear to me that there is no basis in the evidence for an award of $15,000 future medical expenses and for the award of $5,000 in loss of earnings. Regarding the future medical expenses, I recall that Dr. Kennedy indicated that a spinal fusion would cost about $1,200 for the doctor, but there was no other evidence on this issue. Plaintiff's testimony of loss of earnings fell far short of $5,000 and was in the vicinity of $2,000. These awards being considerably more than is justified by the evidence lead me to the conclusion that the evidence of insurance was, in fact, prejudicial to defendant requiring the granting of a new trial."

The district court then entered its order granting Colby's motion for a new trial from which Marian has filed this appeal.

■■■ On appeal Marian asserts that the district court abused its discretion in granting Colby a new trial on the ground that the reference to insurance was prejudicial. The question of whether or not a new trial should be granted rests within the discretion of the trial court, and in the absence of a clear abuse of discretion the trial court's decision will not be reversed on appeal. *Dahlen v. Landis*, 314 N.W.2d 63 (N.D.

1981); *Cook v. Stenslie,* 251 N.W.2d 393 (N.D.1977); *Johnson v. Frelich,* 165 N.W.2d 343 (N.D.1969).

▆▆▆ Pursuant to Rule 411, N.D.R.Ev., evidence that a person was or was not insured against liability is inadmissible to prove negligence or other wrongful action:

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability if offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness."

This Court has held that, during a jury trial, disclosure of the fact that a defendant has or does not have liability insurance constitutes prejudicial error requiring a mistrial or reversal. *Bischoff v. Koenig,* 100 N.W.2d 159 (N.D.1959); *See also, Kresel v. Giese,* 231 N.W.2d 780 (N.D.1975).

We agree with the district court's conclusion that the practical effect of Marian's testimony in this regard was to inform the jury that Colby had liability insurance. Marian does not assert that her reference to insurance was admissible under Rule 411, N.D.R.Ev., as being probative of a disputed issue for which such evidence is admissible under that provision. Rather, she asserts that it was not prejudicial because it is common knowledge that state law requires motor vehicle liability insurance on registered motor vehicles and also requires every motor vehicle liability insurance policy to include uninsured motorist coverage. We disagree with Marian's assertion that a reference to liability insurance cannot constitute prejudicial error. Admitting into evidence the fact that the defendant is protected by liability insurance may cause jury members to wrongfully infer that such a matter is a permissible factor to consider in reaching a verdict. Thus, Marian's reference to the effect that Colby carried liability insurance may have influenced the jury's judgment in arriving at a verdict.

Marian asserts that her reference to insurance in this case did not constitute re-versible error because it was merely an inadvertent reference and not a deliberate one. Although the cases of *Anderson v. Schreiner,* 94 N.W.2d 294 (N.D.1958), and *Smith v. Knutson,* 78 N.D. 43, 47 N.W.2d 537 (1951), contain dicta referring approvingly to a general rule that an unexpected and inadvertent reference to insurance by a witness does not constitute reversible error, there were other grounds upon which those decisions were based.

In *Smith* the plaintiff's attorney asked a prospective juror during voir dire whether or not she had any prejudices regarding the type of action involved. She responded, "No" and then voluntarily stated that she understood that in this type of case there was usually insurance. This Court, holding that the reference to insurance was not ground for a mistrial, stated:

"The incident was allowed to pass as a casual remark with no relation to the case. An objection by counsel and action by the court by way of instruction or otherwise would have brought the matter of insurance before the jury much more definitely than would this remark. To the credit of counsel and court the matter was handled in the manner most likely to avoid prejudice. Under the circumstances no prejudice can be presumed to have resulted from that single, voluntary remark of the juror." 47 N.W.2d at 540.

In *Smith* the prospective juror's reference to insurance did not constitute evidentiary testimony in the case and could not have been understood as implying that either party had liability insurance. Those factors were more important than the inadvertent nature of the reference.

In *Anderson* the plaintiff recovered a judgment for damages against the defendant for injuries received by him in a collision of motor vehicles operated by the parties. The defendant filed a counterclaim and, upon cross-examination by plaintiff's counsel, testified as follows:

"'Q. Now you testified, Alfred, that the car was sold for salvage, for $80.00? A. Yes.

"'Q. Who sold that car for salvage for $80.00?

" 'Mr. Serkland: We object. It is immaterial. ·

" 'The Court: He may answer. A. Well, one of the guys from the insurance company sold it.

" 'Q. Whose insurance company, is that the insurance on the car, the collision insurance?

" 'Mr. Serkland: We object and ask that the jury disregard it.

" 'The Court: Yes, the answer may be stricken and the jury is instructed to disregard any statement made concerning the matter of insurance.' " 94 N.W.2d at 300.

Upon the defendant's appeal from an order denying a new trial this Court concluded that the foregoing reference to insurance did not constitute reversible error or a ground for mistrial. The reference to insurance was made by the defendant who, on appeal, was also the party complaining that the reference constituted prejudicial error. Furthermore, the defendant's reference that "the guys from the insurance company" sold his car for salvage would most likely be understood as referring to the defendant's own collision insurance rather than the fact that either party had liability insurance. In holding that the incident did not constitute grounds for a mistrial this Court stated that the defendant's position was greatly weakened because, at his request, the testimony was stricken and the jury was admonished to disregard it and because he did not move for a mistrial until after both sides had rested and his motion for a directed verdict had been denied.

■ In this case Marian's reference to insurance, although undisputedly an unso-

licited inadvertent reference, had the effect of informing the jury that the defendant had liability insurance. After careful consideration of our past decisions, including *Anderson, supra*, and *Smith, supra*, we conclude that a reference to liability insurance is not less prejudicial simply because it is unexpected and inadvertent rather than solicited and deliberate. In this regard we agree with the following statement of the Supreme Court of Nebraska in *Motis v. Manning*, 200 Neb. 593, 264 N.W.2d 844 (1978):

"It is no doubt true that counsel for the plaintiff was not the cause of the witness' nonresponsive statements.... The fact that a party did not cause his witness to inject the irrelevant matter cannot make it less harmful." 264 N.W.2d at 847.

■ Marian also asserts on appeal that the district court's grant of a new trial was based upon the ground that the excessive award of special damages demonstrated prejudice by the jury and that the court abused its discretion by granting Colby a new trial rather than ordering a reduction of the special damages or conditioning the grant of a new trial upon her refusal to remit the excessive special damages. We believe that Marian has misconstrued the district court's grant of a new trial as having been based upon a finding of excessive damages requiring a new trial under Rule 59(b)(5), N.D.R.Civ.P. We believe the district court based its grant of a new trial, under Rule 59(b)(7), N.D.R.Civ.P., upon the ground that admission of the reference to liability insurance was an error in law that resulted in prejudice to the defendant entitling him to a new trial.[1] The district

---

1. Subsections (5) and (7) of Rule 59(b), N.D.R. Civ.P., are as follows:

   "*(b) Causes for New Trial.* The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

   \*     \*     \*     \*     \*     \*

   "5. Excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the pas-

   sion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of damages;

   \*     \*     \*     \*     \*     \*

court's reference to the excessive special damages was for the purpose of supporting its conclusion that the jury may have improperly considered the insurance testimony in arriving at a verdict. This interpretation of the district court's ground for granting a new trial is consistent with the following statement of the district court in its memorandum decision of October 16, 1981:

"One alternative remains and that is a remittitur under Rule 59(b)(5). However, in view of the fact that our case law seems to require the granting of a mistrial and also for the reason that I am unable to definitely ascertain if Defendant was prejudiced on the jury's finding of proximate cause, I feel it would be an abuse of discretion to order a remittitur."

Furthermore, we note that while Rule 59(b)(5), N.D.R.Civ.P., authorizes a court to order a reduction of the verdict or to condition the grant of a new trial upon a refusal to remit excess damages it does not require the court to choose either alternative over granting a new trial without condition.

Under the facts of this case we cannot conclude that the district court abused its discretion in granting a new trial on the ground that Marian's reference to insurance constituted prejudicial error. Accordingly, we affirm the district court's order granting Colby a new trial.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

"7. Errors in law occurring at the trial and, when required, excepted to by the party

making the application; ..."