**Marvel PRIEL, Plaintiff and Appellant,**

v.

**R.E.D., INC., a corporation, Defendant, Third Party Plaintiff and Appellee,**

v.

**WILLIAM COLLINS, INC., Third Party Defendant and Appellee.**

**Civ. No. 11151.**

Supreme Court of North Dakota.

July 30, 1986.

Stefanson, Landberg, Plambeck & Geeslin, Moorhead, Mn., for plaintiff and appellant; argued by Dan Plambeck.

Gjevre, McLarnan, Hannaher, Vaa, Skatvold & McLarnan, Moorhead, Mn., for defendant, third party plaintiff and appellee; argued by Timothy J. McLarnan.

Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Mn., for third party defendant and appellee. Submitted on brief by Jeffrey Hannig.

MESCHKE, Justice.

Marvel Priel appealed from a district court judgment entered on a jury verdict in favor of R.E.D., Inc. (Burger King),[1] and William Collins, Inc. (Collins).[2] We reverse and remand.

On January 11, 1982, Priel fell on an accumulation of snow and ice and fractured her right leg as she stepped from the side-

---

1. We adopt the parties' designation of the defendant R.E.D., Inc.

2. Before oral argument in this case, Priel and Collins entered into a settlement agreement disposing of Priel's claims against Collins.

walk to the parking lot of a Burger King restaurant. Burger King employees were instructed to push snow from the sidewalk to the parking lot. Collins was employed to remove snow from the parking lot, but was not expected to get closer to the curb than six inches.

On August 18, 1983, Priel fell again and injured her left hip. Priel's treating physician testified that this fall was caused by instability of Priel's right knee resulting from the earlier fall at Burger King.

Priel sued Burger King for damages, alleging negligence and nuisance. Burger King filed a third-party complaint against Collins. The trial court refused to submit instructions on Priel's nuisance theory. The jury returned a special verdict in which it found: (1) that Burger King was negligent; (2) that Burger King's negligence was not a proximate cause of the injury to Priel; and (3) that Collins was not negligent. Judgment was entered accordingly.

In her appeal, Priel has raised issues about improper argument of counsel for Burger King, the trial court's failure to give a requested instruction, the jury's finding of negligence but not proximate cause, and the trial court's failure to submit Priel's theory of nuisance to the jury.

In his closing argument to the jury, Alden Gjevre, counsel for Burger King, said: "We are talking about money that my client will have to pay out of his own pocket." The following colloquy then occurred between the court and counsel:

"MR. IRVINE [counsel for Priel]: ... I'm aware of the real party in interest statute and the need to keep the issue of insurance out of the proceedings, but what Mr. Gjevre said is simply not true. There is $500,000 worth of insurance, ... There is not one bit of evidence of the fact that this award would have to be paid out of Mr. Hensrud's pocket .... [W]e should be able to throw away the insulation of the real party in interest statute and bluntly inform the jury that there is insurance coverage to indemnify the Defendant....

"MR. GJEVRE: ... I have been in practice 26 years and I've heard similar references made in many trials.... And there is no prohibition that I'm aware of from prohibiting a lawyer in summation making the statement that the client is paying the award, whether it's done through insurance or out of his own pocket....

\* \* \* \* \* \*

"MR. IRVINE: ... I would request that the Court admonish the jury that there's no evidence in this case that any award would have to be paid out of the pocket of the Defendant.

"THE COURT: Anything further?

"MR. GJEVRE: I object to that, Your Honor.

"THE COURT: Any motion made either in alternative to allow insurance to be brought out or admonish along that line that you suggested is denied.... And the Court believes that it was not improper to state that his client has to pay the judgment because his client will have to pay the judgment.... [G]iving any kind of admonition would simply attract more attention to that which we are not permitted to bring in. So the Court denies all kinds of motions along this line and further states it would not be grounds for mistrial if a mistrial motion were made...."

In our view, counsel's statement implying that his client was not insured was an improper argument requiring reversal and a new trial.

This Court has long held that in a jury trial it ordinarily is improper and prejudicial to disclose that a party is or is not insured. In *Beardsley v. Ewing*, 40 N.D. 373, 168 N.W. 791 (1918), counsel for plaintiff in a medical malpractice action asked one of the defendant physicians whether or not he or his brother were insured against loss in malpractice cases. The questions were objected to and were not answered. This Court said, 168 N.W. at 794:

"The inherent vice of the objectionable questions lies in their probable effect upon the minds of the jury. The consid-

eration as to whether or not the defendants are insured is entirely foreign to the question of negligence; ... In fact, the rule of exclusion is so well understood in the profession that there seems but little excuse for even asking such questions."

In *Bischoff v. Koenig*, 100 N.W.2d 159 (N.D.1959), the plaintiff was asked on direct examination who paid for his wife's funeral and burial expenses and he replied: "By Simon's [the defendant's] Insurance." 100 N.W.2d at 161. In reversing a jury verdict for the plaintiff, this Court said, 100 N.W.2d at 164:

"In the instant case the court instructed the jury not to consider the matter of insurance; but the jury had knowledge of the fact that the defendant had liability insurance, and that knowledge may well have influenced their judgment in arriving at a verdict notwithstanding the court's instruction. It must follow that the trial court erred in refusing to grant defendant's motion for a mistrial."

*See also, Neibauer v. Well*, 319 N.W.2d 143 (N.D.1982); *Kuntz v. Stelmachuk*, 136 N.W.2d 810, 822 (N.D.1965); *Stoskoff v. Wicklund*, 49 N.D. 708, 193 N.W. 312 (1923); *Georgeson v. Nielsen*, 218 Wis. 180, 260 N.W. 461, 463 (1935); Annot., 4 A.L. R.2d 761 (1949).

■ In *Kresel v. Giese*, 231 N.W.2d 780, 786 (N.D.1975), we said that disclosure that a defendant carries liability insurance "is a matter considered so highly prejudicial as to require a mistrial or reversal;" that disclosure that a defendant is uninsured "does not serve to diminish the prejudicial nature of the reference to insurance;" and held that "the rule prohibiting references to liability insurance during the course of a trial extends to disclosure of the fact that the defendant is not covered by such insurance." We hold that defense counsel's statement, in closing argument to the jury, improperly and falsely implying that the defendant was not covered by liability insurance constituted prejudicial error requiring reversal.

Burger King asserts that Priel has demonstrated no prejudice, that we should not substitute our judgment on the possible effect of the statement for that of the trial court, that the trial court's determination that the statement was not prejudicial was within the trial court's discretion, and that in the following instruction the jurors were told that statements of counsel are not evidence:

"If counsel or I have made any comments or statements concerning the evidence which you find are not warranted by the evidence, you should wholly disregard them and rely upon your own recollection or observation."

■ We have already observed that disclosure in a jury trial that a defendant does or does not have liability insurance "constitutes prejudicial error requiring a mistrial or reversal." *Neibauer v. Well, supra*, 319 N.W.2d at 145. While the trial court may have weighed the possible prejudicial effects of curative measures suggested by counsel for Priel, the court did not assess the prejudicial effect of Gjevre's statement, as the court did not deem it to be improper. The general instruction on statements about evidence quoted above did not address the improper statement, which was not a statement about the evidence. There was no evidence about insurance. Reliance on cases such as *Andersen v. Teamsters Local 116 Bldg. Club*, 347 N.W.2d 309 (N.D.1984), is misplaced. Unlike the reference to insurance in that case, the statement made here was not an "inadvertent, unexpected, and vague" reference to insurance or the lack of insurance by a witness.

While our reversal of the judgment because of improper argument of counsel is dispositive of this appeal, we deem it appropriate to briefly address the other issues which are certain to arise in a new trial.

Because of Priel's prior fragile condition, her counsel requested an instruction stating that the defendant could not escape liability by reason of Priel's prior condition. The trial court gave two instructions drawn from NDJI 821 and NDJI 822, but refused to give Priel's requested instruction.

Prior to her fall at Burger King, Priel had suffered several falls and fractures. She had had knee and hip replacements. She had rheumatoid arthritis, diabetes, and severe osteoporosis induced by long term usage of Cortisone for treatment of the arthritis, predisposing her to "fractures from even frivolous injuries." Because of her medical condition, Priel will have "fractures where other people would get soft tissue bruises." Because of her prior medical condition, fractures, and surgical procedures, Priel was more susceptible to falling than the average person and more susceptible to fractures than the average person.

"[T]he tortfeasor takes his victim as he finds him." 57 Am.Jur.2d *Negligence* § 160, p. 522 (1971). As it was so eloquently stated in *Dulieu v. White & Sons,* 2 K.B. 669, 679 (1901):

"If a man is negligently run over or otherwise negligently injured in his body, it is no answer to the sufferer's claim for damages that he would have suffered less injury, or no injury at all, if he had not had an unusually thin skull or an unusually weak heart."

*See generally* 1 J. Dooley, *Modern Tort Law* § 10.08 (1982 Rev.); W. Prosser & W. Keeton, *Law of Torts* § 43 (5th Ed.1984); Restatement (Second) of Torts § 461 (1965); 22 Am.Jur.2d *Damages* § 122 (1965).

■ We believe that the instructions given adequately addressed the matter of the injuries sustained by Priel in a subsequent fall caused by instability resulting from the fall at Burger King. We also believe that the instructions given adequately addressed the matter of aggravation of Priel's subnormal physical condition as a result of the fall at Burger King. We believe, however, that at a new trial an instruction should be given that advises the jury that Burger King cannot escape the consequences of its negligence merely because its negligence would not have caused that extent of injury to a normal person. That Priel's prior condition does not bar damages should be more clearly indicated to the jury.

We need not either approve Priel's requested instruction or devise an instruction for use in a new trial. The trial court and counsel for the parties should be able to fashion an appropriate instruction that will convey to the jury that Priel's prior condition does not bar damages for Burger King's negligence if that negligence caused her injury, but that avoids giving "the jury the impression that it could not find that Priel's fall and injuries resulted from her preexisting frailty rather than from the alleged negligence of Burger King," as Burger King asserts that Priel's requested instruction would do.

■ Priel has asserted that "[t]he jury's finding of negligence but not causation is irreconcilable based on the evidence in this case." "Negligence and proximate causation are separate factors in assigning tort liability." *Knorr v. K-Mart Corp.,* 300 N.W.2d 47, 51 (N.D.1980). Issues of negligence and proximate cause are questions of fact unless the evidence is such that reasonable minds could draw but one conclusion. *Knorr v. K-Mart Corp., supra; see also, Andrews v. O'Hearn,* 387 N.W.2d 716 (N.D.1986).

■ The trial court did not submit to the jury Priel's theory that the artificial accumulation on the parking lot of snow pushed from the sidewalk constituted a nuisance. In denying Priel's requested instructions on her nuisance theory, the trial court said:

"The Court is of the opinion as a matter of law that there is no evidence or insufficient evidence here to have this Court consider that parking lot as a nuisance, either private or public.... It's well known law that if there is an allegation in one count of general negligence and another cause of action based on nuisance, the Court is obligated to use the negligence count and the duplication of the nuisance count gives an unfair prejudice to one party, toward the other."

While negligence may or may not result in the creation of a nuisance and a nuisance may be created without negligence [*Knoff v. American Crystal Sugar Co.,* 380 N.W.2d 313 (N.D.1986)], we are not per-

suaded that the trial court erred in failing to submit the nuisance theory to the jury in this case.

For the reasons stated, the judgment is reversed and the case is remanded for a new trial.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.