C.R. FILLOON and Noel Filloon, individually and as parents and natural guardians of Michael Filloon, a minor, Plaintiffs and Appellants,

v.

Vicki L. STENSETH and Stuart Stenseth, Defendants and Appellees.

Civ. No. 920259.

Supreme Court of North Dakota.

March 24, 1993.

Albert A. Wolf (argued), Wheeler Wolf, Bismarck, for plaintiffs and appellants; appearance by Steven L. Latham.

Curtis L. Wike (argued), Fleck, Mather & Strutz, Bismarck, for defendants and appellees.

NEUMANN, Justice.

C.R. Filloon and Noel Filloon, individually and as parents and natural guardians of Michael Filloon, appeal from a judgment and order entered by the District Court for Burleigh County denying their motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. We reverse the judgment and order denying a new trial and remand for retrial.

On June 22, 1990, the Filloons brought a negligence action against Vicki Stenseth, a minor, and her father, Stuart Stenseth. The action was initiated to recover damages for injuries Michael allegedly received in a bicycle/automobile accident on June 22, 1984, involving Michael and Vicki. The jury trial commenced on April 27, 1992, and

a verdict was returned finding Vicki 0% negligent in the operation of her father's automobile. After the trial court entered its judgment and order, the Filloons filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied both parts of the motion. This timely appeal followed. It presents two issues to this Court: (1) whether the trial court erred in denying the motion for a judgment notwithstanding the verdict or a new trial based on the evidence produced at trial; and (2) whether the trial court erred in denying the motion for a new trial based on its exclusion of evidence relating to employment as an insurance adjuster offered for purposes of impeaching one of the defense witnesses.

On June 22, 1984, Michael was 11 years old and Vicki was 14 years old. Michael and a friend were traveling north on Third Street in Bismarck on their bicycles. They were on the west sidewalk approaching the intersection of Bismarck Expressway (a four-lane road) and Third Street. Vicki was traveling south on Third Street in her father's automobile, also approaching Bismarck Expressway, where she intended to make a right turn and proceed west. There was some evidence at trial suggesting that Michael and his friend were racing their bicycles as they approached the intersection, and that Michael did not stop before advancing into the intersection. There was also evidence introduced indicating that Michael stopped at the corner, pressed the walk button on the traffic light, and entered the intersection only after receiving a walk signal. Perhaps the most significant point in dispute pertained to Michael's location when Vicki's automobile and his bicycle made contact. Michael's version of the accident placed him directly in the crosswalk, almost through the intersection, when Vicki hit him *while* making her right hand turn. Vicki's version did not place Michael in the crosswalk but, instead, angling across the intersection, west of the crosswalk, so that Vicki and Michael collided *after* she had completed her right turn onto Bismarck Expressway. Vicki testified that before making her turn, she looked around the intersection and saw no one in the crosswalk, and that she did not see Michael on his bicycle until he made contact with her automobile.

Because we find the insurance issue dispositive of this appeal, we discuss it at the outset and view it unnecessary to reach the issue of sufficiency of the evidence. The Filloons contend that the trial court committed reversible error by refusing to let them impeach a defense witness's credibility by showing that he worked for the Stenseths' insurance carrier, and that, based on the error, the trial court should have granted their motion for a new trial. We agree with the Filloons that the manner in which the trial court omitted the evidence was erroneous, and that such an omission rises to the level of reversible error.

One of the witnesses called by the Stenseths was Jeffrey MacQueen, an insurance adjuster. At the time of the accident, MacQueen was on Bismarck Expressway, east of the intersection of Bismarck Expressway and Third Street. He testified at trial that he saw Vicki complete her turn onto Bismarck Expressway, and then he saw contact between Michael and Vicki. MacQueen testified that there was no doubt in his mind that Michael's location at the time of impact was west of the crosswalk. MacQueen also testified that, as quickly as Michael hit the ground, he got up and rode away. MacQueen said that he followed Michael and found him in a parking lot. He asked Michael if he was all right, and after Michael said he was fine, MacQueen drove away.

MacQueen was the only adult eyewitness to testify at trial. The other eyewitnesses were Vicki, Michael, and another girl who was passed on the sidewalk by Michael before he proceeded into the intersection. Her testimony substantiated Michael's version of the accident. All were minors at the time of the accident.

After the accident, MacQueen became the insurance adjuster for the Stenseths' insurance carrier for this particular accident. During MacQueen's testimony at trial, the Filloons sought to present evidence

of this professional involvement to show his bias or prejudice toward the Stenseths; however, the trial court refused to allow the Filloons to refer to the subject of insurance. It concluded that the information was inadmissible on the basis of Rule 403, N.D.R.Ev.[1] It found that any evidence of insurance was too prejudicial, and that the probable value was outweighed by the prejudicial effect. The trial court said: "I think that with the status of the law in North Dakota ... insurance and the existence of insurance is still a verboten subject before the jury." The trial court also referred to case law from this Court affirming the grant of a mistrial or new trial when evidence of insurance was exposed to the jury. *See Neibauer v. Well,* 319 N.W.2d 143 (N.D.1982).

Rule 411, N.D.R.Ev., discussed in *Neibauer,* permits limited use of evidence of insurance at trial. That Rule provides:

"Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability if offered for another purpose, such as proof of agency, ownership, or control, or *bias or prejudice of a witness.*"

*Id.* (emphasis added).

In *Neibauer,* the plaintiff inadvertently referred to the defendant's insurance company during her direct examination. This Court held that the trial court properly granted a motion for a new trial because the plaintiff's reference to insurance was prejudicial. "This Court has held that, during a jury trial, disclosure of the fact that a defendant has or does not have liability insurance constitutes prejudicial error requiring a mistrial or reversal." *Id.* at 145. During our discussion of Rule 411, we recognized the dangers of introducing evidence of insurance. "Admitting into evi-

dence the fact that the defendant is protected by liability insurance may cause jury members to wrongfully infer that such a matter is a permissible factor to consider in reaching a verdict." *Id.*

Although we find *Neibauer* to be instructive in its discourse on Rule 411, it is significant that the plaintiff in *Neibauer* did not argue, as the Filloons do here, that the introduction of evidence regarding insurance fit into one of the exceptions listed in the Rule itself. "[The plaintiff] does not assert that her reference to insurance was admissible under Rule 411, N.D.R.Ev., as being probative of a *disputed issue for which such evidence is admissible under that provision." Id.* (emphasis added). In the present case, the Filloons argue that evidence of MacQueen's employment as an insurance adjuster by the Stenseths' insurance carrier is evidence of possible bias or prejudice that MacQueen may have had in the Stenseths' favor.

■ Rule 411 expressly allows the introduction of insurance evidence to show bias or prejudice. That premise was recognized, as noted above, by this Court in *Neibauer.* Therefore, the trial court improperly refused to allow introduction of evidence of MacQueen's employment for the single reason that it would have revealed that the Stenseths had insurance coverage. Such automatic exclusion was error. The trial court should have acknowledged that the evidence fit into one of the exceptions under Rule 411, recognized its potential admissibility, and then conducted the balancing test under Rule 403. The trial judge is afforded great deference when weighing the admissibility of evidence under Rule 403, but the record provided us on appeal does not disclose that such a process occurred in this case.

Having decided that the automatic exclusion of MacQueen's employment was error, we must next consider whether that error

---

1. The purpose of Rule 403 is to exclude evidence that might be too prejudicial, confusing, or a waste of time. It reads:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
Rule 403, N.D.R.Ev.

was reversible or harmless. After reviewing the record in this matter, we cautiously conclude that the exclusion was reversible error.

Harmless error is explained in Rule 61, N.D.R.Civ.P., as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

It is the appealing party's burden to show that the alleged error was prejudicial. "It is well settled in this State that on appeal, the appealing party has the burden of proof of establishing not only that the trial court erred but that such error was highly prejudicial to his cause." *Allen v. Kleven*, 306 N.W.2d 629, 634 (N.D.1981). After reviewing the testimony provided us in the partial transcript, we conclude that the Filloons met their burden, and that exclusion of the evidence was reversible error.

MacQueen was the only adult eyewitness to testify at trial. Also, of all the witnesses testifying at trial about the accident, he was the only one who *apparently* was unbiased. His recollections definitively placed Michael outside of the crosswalk, significantly bolstering Vicki's recitation of the facts. Furthermore, the trial court, when instructing the jury, gave extensive instructions imposing different standards if the jury found that Michael was outside the crosswalk. In light of all of these factors, we conclude, when viewing the whole of the evidence presented to the jury, that introduction of the insurance evidence may have caused the jury to reach a different result. *See id.* at 635 (this Court must find, upon the whole record, that the error was reversible).

For the foregoing reasons, we reverse the judgment and order denying a new trial and remand for retrial.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.

SANDSTROM, Justice, concurring.

I concur in the opinion of the Court. I write to offer an additional observation on the Rule 403, N.D.R.Ev., balancing of the evidence's probative value and potential for prejudice. N.D.C.C. § 39–08–20 makes it a crime to drive a motor vehicle in North Dakota without a valid policy of liability insurance. The requirement for motor vehicle liability insurance is a matter of common knowledge. The mere disclosure that such liability insurance exists confirms what jurors would likely assume, and is not likely to create surprise or prejudice. *Compare Priel v. R.E.D., Inc.*, 392 N.W.2d 65, 68 (N.D.1986).

VANDE WALLE, C.J., concurs.